IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC<br>    Plaintiff,<br><br>    vs.<br><br>LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,<br><br>    Defendants. | Civil Action 4:20-cv-02201<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DEFEDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants and Counterclaim Plaintiffs Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC (the "Defendants" or "Counterclaim Plaintiffs"), through its undersigned counsel, answers Plaintiff Corrosion Prevention Technologies, LLC's ("Plaintiff" or "CPT") Original Complaint as follows:

## I. PARTIES

1. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 1 and thus deny such allegations.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

## II. JURISDICTION

7. Admit that Court has original subject matter jurisdiction over disputes arising under 28 U.S.C. §1331 and §1338. Defendants deny the remaining allegations of paragraph 7.

8. Admit that Hatle, Hernandez and Mulville are citizens and residents of Texas. Admit that BMT and Corrosion Exchange are entities with principle place of business in this District. Defendants deny the remaining allegations of paragraph 8.

## III. VENUE

9. Admit that venue is proper because at least one Defendants resides in this District and in Texas. Admit that venue is proper because at least one Defendant is subject to this court's personal jurisdiction for this action. Defendants deny the remaining allegations of paragraph 9.

## IV. BACKGROUND

A. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph A and thus deny such allegations.

10. Admit.

11. Admit that Trigenix developed valuable intellectual property in the form of a treatment kit to decontaminate metal substrates to prevent corrosion and a method of applying the treatment kit components to remove contaminants. Admit that Trigenix invested significant resources researching and developing this corrosion prevention technology. Defendants deny the remaining allegations of paragraph 11.

12. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 12 and thus deny such allegations.

13. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 13 and thus deny such allegations.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 2 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

14. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 14 and thus deny such allegations.

B. Admit.

15. Admit that Loren Hatle is a chief developer of the underlying technology sold and marketed under the mark CorrX™; that Hatle was an employee of CorrLine and Trigenix for over five years; and that Hatle is a co-inventor on patents that cover the corrosion inhibiting products and services that were marketed and sold under the CorrX™ mark, but deny the remaining allegations in paragraph 15.

16. Admit.

17. Admit.

18. Admit that Santiago Hernandez was an employee of CorrLine International, Inc., but deny the remaining allegations of paragraph 18.

19. Deny.

20. Admit that the Confidentiality Agreements at ¶¶2 and 3 of Exhibits A and B include the purported language, but deny the remaining allegations in paragraph 20.

21. Admit that the Confidentiality Agreements at ¶1 of Exhibits A and B include the purported language, but deny the remaining allegations in paragraph 21.

22. Admit that the Confidentiality Agreements at ¶3 of Exhibits A and B include the purported language, but deny the remaining allegations in paragraph 22.

23. Admit that Hatle resigned from CorrLine International in September 2014 and that Hernandez and Mulville resigned around the same time. Defendants deny the remaining allegations in paragraph 23.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 3 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

24. Admit that CPT acquired the assets of CorrLine through a bankruptcy sale order in October 2014, but deny the remaining allegations in paragraph 24.

25. Admit that the purported Assignment Agreement attached as Exhibit D includes the quoted language, but deny the remaining allegations in paragraph 25.

26. Deny.

27. Admit that the images depicted in paragraph 27 purport to constitute a side-by-side comparison of Bear Metal Technologies' promotional video and images from CPT's website, but deny the remaining allegations in paragraph 27.

28. Admit that the columns depicted in paragraph 28 purport to constitute a side-by-side comparison of Bear Metal Technologies' promotional video and product description from CPT's website, but deny the remaining allegations in paragraph 28.

29. Admit that Hatle is the inventor of the subject matter claimed in United States Patent No. 10,030,310, but deny the remaining allegations in paragraph 29.

30. Admit that Hatle started Corrosion Exchange, LLC, but deny remaining allegations of paragraph 30.

31. Admit that Corrosion Exchange, LLC manufactures and sells CleanWirx 207, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 31 and thus denies such allegations.

32. Deny.

C. Deny.

33. Admit that Hatle's subsequent businesses sell CleanWirx 207 products, but deny the remaining allegations in paragraph 33.

34. Deny.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 4 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

35. Admit that Exhibit I appears to include the image depicted in paragraph 35, but deny the remaining allegations in paragraph 35.

36. The left image in paragraph 36 is illegible. Therefore, Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 36 and thus deny such allegations.

37. Admit that Exhibit J includes the purported statement "*OXNOT GEL & OXNOT 2-7 have been renamed from CorrX PREP & CorrX WASH", but deny the remaining allegations in paragraph 37.

38. Admit that CPT did not authorize the use of its CorrX$^{TM}$, but denies that authorization is required.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

**COUNT 1 (Violation of the Lanham Act, 15 U.S.C. §1051 *et seq*.- All Defendants)**

44. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-43 above.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 5 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

49. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 49 and thus deny such allegations.

50. Deny.

51. Deny.

**COUNT II (Violation of the FDTSA, 18 U.S.C. §§ 1836 et seq. – All Defendants)**

52. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-51 above.

53. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 53 as it relates to a "trade secret" as that term is only generically used and is not described with any level of certainty and specificity and thus deny such allegations.

54. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 54 as it relates to a "trade secret" as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

55. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 55 as it relates to a "trade secret" as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

56. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 56 as it relates to a "trade secret" as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

57. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 57 as it relates to a "misappropriated trade secret" as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

58. Deny.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 6 of 20

59. Deny.

60. Deny.

61. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 61 as it relates to knowledge of any trade secrets as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

62. Deny.

63. Deny.

64. Deny.

**COUNT III (Violation of the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. § 134A.001, et seq. – All Defendants)**

65. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-64 above.

66. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 66 and thus deny such allegations.

67. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 67 as it relates to "confidential and proprietary information" and "trade secrets" as those terms not described or defined with any level of certainty and specificity and thus deny such allegations.

68. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 68 and thus deny such allegations.

69. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 69 and thus deny such allegations.

70. Admit that "actual or threatened misappropriation [of trade secrets] may be enjoined" under Tex. Civ. Prac. & Rem. Code Ann. §134A.003. To the extent this paragraph makes any allegations, Defendants deny them.

71. Deny.

72. Deny.

73. Deny.

74. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 61 as it relates to a "trade secret" as that term is not described or defined with any level of certainty and specificity and thus deny such allegations.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

**COUNT IV (Common Law Misappropriation – All Defendants)**

81. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-80 above.

82. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 82 and thus deny such allegations.

83. Deny.

84. Deny.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 8 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

**COUNT V (Breach of Contract (Confidentiality Agreement) – the Individual Defendants)**

85. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-84 above.

86. Deny.

87. Deny.

88. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 88 and thus deny such allegations.

89. Deny.

90. Deny.

91. Deny.

**COUNT VI (Breach of Contract (Assignment Agreement) – Hatle)**

92. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-91 above.

93. Deny.

94. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 94 and thus deny such allegations.

95. Deny.

96. Deny.

**COUNT VII (Conversion – Individual Defendants)**

97. Defendants repeat and incorporate by reference their responses to paragraphs numbered 1-96 above.

98. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 98 and thus deny such allegations.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*      Page 9 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

99. Deny.

100. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 100 and thus deny such allegations.

101. Defendants are without sufficient information to form a belief as to the truth or falsity of paragraph 101 and thus deny such allegations.

102. Deny.

103. Deny.

## REQUEST FOR A JURY TRIAL

104. No response is required. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

105. No response is required with regard to Plaintiff's Prayer for Relief. To the extent any such response may be required, Defendants repeat and incorporate by reference its responses to Paragraphs 1-104 above and states that Plaintiff is not entitled to any of the relief sought in the Complaint for each of the reasons set forth in Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint and for additional reasons that will be established during the course of this proceeding.

## DEFENSES

106. As for their Defenses, Defendants and Counterclaim Plaintiffs allege as follows:

### First Defense – Statute of Limitations: Violation of Lanham Act

107. Violations of the Lanham Act have an analogous four (4) year statute of limitations before being barred. The Complaint claims that Defendants immediately and continuously began misrepresenting Defendants' competing products no later than February, 2015, well over five years

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 10 of 20

before the Complaint was filed. Therefore, the alleged violations of the Lanham Act are well beyond the four year statute of limitations.

**Second Defense - Statute of Limitations: Violation of Federal Defend Trade Secrets Act**

108.    The Complaint alleges violations under the Federal Defend Trade Secrets Act that fall well outside of the three (3) year statute of limitations. The Complaint alleges continuous misappropriation beginning no later than February, 2015, over five years prior to this Complaint, and well beyond the three year statute of limitations.

**Third Defense - Statute of Limitations: Violation of Texas Uniform Trade Secrets Act**

109.    The Complaint alleges violations under the Texas Uniform Trade Secrets Act that fall well outside of the three (3) year statute of limitations. The Complaint alleges continuous misappropriation beginning no later than February, 2015, over five years prior to this Complaint, and well beyond the three year statute of limitations.

**Fourth Defense - Statute of Limitations: Violation of Common Law Misappropriation**

110.    The Complaint alleges violations under Common Law Misappropriation that fall well outside of the four (4) year statute of limitations. The Complaint alleges violations under a theory of Common Law Misappropriation that are time barred due to Plaintiff's knowledge of alleged misappropriation over five years ago and well beyond the four year statute of limitations.

**Fifth Defense - Statute of Limitations: Breach of Contract (Confidentiality)**

111.    The alleged claims for breach of a confidentiality agreement are forever barred under Texas law, which requires a four year statute of limitations.

**Sixth Defense - Statute of Limitations: Breach of Contract (Assignment)**

112.    The alleged claims for breach of an assignment agreement are forever barred under Texas law, which requires a four (4) year statute of limitations.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                              Page 11 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

### Seventh Defense - Statute of Limitations: Conversion

113. The Complaint alleges Conversion claims that fall well outside of the statute of limitations. Under Texas law, Conversion claims have a two (2) year statute of limitations.

### COUNTERCLAIMS

114. In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs assert the following counterclaims against Plaintiff.

### Parties

115. Counterclaim Plaintiff Loren L. Hatle is an individual Texas resident who resides at 21122 Grandin Wood Court, Humble, Texas 77338, and who conducts business in this District through his company Corrosion Exchange, LLC.

116. Counterclaim Plaintiff Santiago Hernandez is an individual Texas resident who resides at 9509 Kerrwood Lane, Houston, Texas 77080, and who conducts business in this District through his company Bear Metal Technologies, LLC.

117. Counterclaim Plaintiff Timothy Mulville is an individual Texas resisdent who resides at 11210 Albury Park Lane, Tomball, Texas 77375, and who conducts business in this District through his company Bear Metal Technologies, LLC.

118. Counterclaim Plaintiff Bear Metal Technologies, LLC is a Texas limited liability company with a principal place of business at Three Sugar Creek Center, Suite 100, Sugar Land, Texas.

119. Counterclaim Plaintiff Corrosion Exchange, LLC is a Texas limited liability company with a principal place of business at 20523 Whitebury Court, Humble, Texas.

120. Plaintiff and Counterclaim Defendant Corrosion Prevention Technologies LLC is a Texas limited liability company with a principal place of business at 4020 Strawberry Road,

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 12 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

Pasadena, Texas, and may be served through its registered agent, G. Riley Hetherington at 11 Greenway Plaza, Suite 2820, Houston, Texas 77046.

**Jurisdiction**

121. This Court has supplemental jurisdiction over this dispute, pursuant to 28 U.S.C. § 1367, because Counterclaim Plaintiffs' claims against Plaintiff/Counterclaim Defendant are so related to Plaintiff's claims in the action that they form part of the same case or controversy under Article 3 of the United States Constitution. Furthermore, Counterclaim Plaintiffs' claims do not raise novel or complex issues of Texas law, do not substantially predominate over Plaintiff's claims, and this Court has not dismissed all claims over which it has original jurisdiction.

122. This Court has personal jurisdiction over Plaintiff because it has its principal place of business in this District.

**Venue**

123. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and in Texas, because a substantial portion of the acts or omissions giving rise to Counterclaim Plaintiffs' claims occurred in this District, and/or because Plaintiff is subject to this Court's personal jurisdiction for this action.

**Count I: - Declaratory Judgment of Noninfringement (U.S. Patent No. 9,782,804)**

124. Counterclaim Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-123 as if fully set forth herein.

125. An actual and justiciable controversy exists between Counterclaim Plaintiffs and CPT with respect to the noninfringement of US Patent No. 9,782,804 (the "'804 patent") because CPT has brought this action against Counterclaim Plaintiffs alleging that Counterclaim Plaintiffs are selling products covered by the '804 patent, and thus infringe the '804 patent, which allegations

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 13 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

Counterclaim Plaintiffs deny. Absent a declaration of noninfringement, CPT will continue to wrongfully assert the '804 patent against Counterclaim Plaintiffs, and thus cause Counterclaim Plaintiffs irreparable injury and damage.

126. Counterclaim Plaintiffs do not infringe any valid claim of the '804 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and are entitled to a declaration under 28 U.S.C. §§ 2201-2202 to that effect.

127. Counterclaim Plaintiffs' methods for removing surface contaminants are nothing like the claimed methods of the '804 patent. Therefore, this is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**Count II: Declaratory Judgement of Noninfringement (U.S. Patent No. 9,193,943)**

128. Counterclaim Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-127 above as if fully set forth herein.

129. An actual and justiciable controversy exists between Counterclaim Plaintiffs and CPT with respect to the noninfringement of the of US Patent No. 9,193,943 (the "'943 patent") because CPT has brought this action against Counterclaim Plaintiffs alleging that Counterclaim Plaintiffs are selling products covered by the '943 patent, and thus infringe the '943 patent, which allegations Counterclaim Plaintiffs deny. Absent a declaration of noninfringement, CPT will continue to wrongfully assert the '943 patent against Counterclaim Plaintiffs, and thus cause Counterclaim Plaintiffs irreparable injury and damage.

130. Counterclaim Plaintiffs do not infringe any valid claim of the '943 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and are entitled to a declaration under 28 U.S.C. §§ 2201-2202 to that effect.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 14 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

131. Counterclaim Plaintiffs' products are nothing like the claimed products of the '943 patent. Therefore, this is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**Count III: Tortuous Interference with Potential Business Relationship**

132. Counterclaim Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-131 above as if fully set forth herein.

133. Tortuous Interference with a Potential Business Relationship ("TIPBR") is a business tort recognized by Texas courts. The elements of TIPBR are a reasonable probability that a person would have entered into a business relationship, a third party committed an independently tortuous or unlawful act that prevented the relationship from occurring, the third party did such an act with the conscious desire to prevent the relationship or knew the interference was certain or substantially certain to occur, and actual harm or damages result from the interference. *See Baty v. Protech Ins. Agency*, 63 S.W.3d 841 (Tex. App. 2002). Independent legal theories do not require proof themselves for purposes of proving tortuous interference with potential business relationships, only that there is sufficient evidence in the pleadings to raise such claims. *Id*.

134. On or around July 15, 2020, CPT contacted representatives of several Counterclaim Plaintiffs' vendors and customers, including but not limited to, Schmidt Manufacturing, The Warehouse Rental and Supply and PolyLab. CPT contacted these representatives to inform them of this Complaint and on information and belief, CPT forwarded a copy of their Complaint to at least one if not all of those representatives. Further, on information and belief, CPT made disparaging, defaming, misleading, and otherwise fraudulent claims against Counterclaim Plaintiffs in an attempt to persuade these companies from continuing to do business with Counterclaim Plaintiffs or start doing business Counterclaim Plaintiffs.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 15 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

135.     CPT deliberately contacted these vendors and customers with the deliberate attempt to defame Counterclaim Plaintiffs' character as individuals, and disparage Counterclaim Plaintiffs' business specifically. CPT made defamatory statements about Counterclaim Plaintiffs, knowing the statements to be false, or at least should have known the statements to be false. Further, CPT made defamatory statements without the benefit of privilege to make such knowingly false statements without liability. Counterclaim Plaintiffs are not public figures for purposes of defamation or business disparagement causes of action. As such, there is more than sufficient evidence to show that CPT's actions are actionable under independent legal theories. Therefore, CPT committed an independently tortuous or unlawful act that prevented, or was reasonably likely to prevent, a prospective business relationship from occurring.

136.     CPT deliberately defamed and disparaged Counterclaim Plaintiffs to undermine, injure, and ultimately destroy any and all potential business relationships between prospective clients and Counterclaim Plaintiffs. Alternatively, CPT knew such defamation and disparagement would interfere with Counterclaim Plaintiffs' business relationships, or was substantially certain such interference would occur as a result of CPT's deliberate acts. Therefore, CPT acted with a conscious desire to prevent the prospective business relationship between Counterclaim Plaintiffs and new clients.

137.     Because of CPT's deliberate actions, Counterclaim Plaintiffs have suffered irreparable harm to their future business opportunities, present client negotiations, good will, and all other economic opportunity losses. Anti-corrosion project solutions, when properly performed and maintained, rarely require repeated involvement by corrosion specialists like Counterclaim Plaintiffs for any given project. Therefore, loss of economic opportunity with any client denies good will and profits that may not arise for more than a decade, if not longer.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                          Page 16 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

138.     Counterclaim Plaintiffs are entitled to damages to make whole the irreparable harm they have suffered.

### Count IV:  Business Disparagement

139.     Counterclaim Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-138 above as if fully set forth herein.

140.     Business Disparagement is a business tort recognized by Texas courts. The elements of Business Disparagement are publishing false and disparaging information about a business, with malice, without privilege, that resulted in special damages to the business. *See Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167 (Tex. 2003).

141.     On or around July 15, 2020, CPT contacted representatives of several Counterclaim Plaintiffs' vendors and customers, including but not limited to, Schmidt Manufacturing, The Warehouse Rental and Supply and PolyLab. CPT contacted these representatives to inform them of this Complaint and on information and belief, CPT forwarded a copy of their Complaint to at least one if not all of those representatives. In CPT's communications with these third parties, CPT claimed false and disparaging information about Counterclaim Plaintiffs' businesses. Specifically, CPT asserted allegations against Counterclaim Plaintiffs' businesses regarding theft and underhanded business tactics without regard for the truth of these statements. CPT knows these allegations are yet untried before a finder of fact and are contrary to even the evidence presented by CPT in this Complaint. Therefore, CPT published false and disparaging statements, with reckless disregard for the truth of these statements, about Counterclaim Plaintiffs' businesses.

142.     CPT has no privilege by which to shield them from liability for defamatory statements. CPT did not merely publish this Complaint to Counterclaim Plaintiffs' customers, but

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                         Page 17 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

also supplied defamatory statements directly to these customers concerning Counterclaim Plaintiffs' businesses.

143. Because of CPT's deliberate actions, Counterclaim Plaintiffs' businesses have suffered irreparable harm to their present and future business opportunities, present client negotiations, good will, and all other economic opportunity losses. Anti-corrosion project solutions, when properly performed and maintained, rarely require repeated involvement by corrosion specialists like Counterclaim Plaintiffs for any given project. Therefore, loss of economic opportunity with any client denies good will and profits that may not arise for more than a decade, if not longer.

**Count V: Defamation**

144. Counterclaim Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-143 above as if fully set forth herein.

145. Defamation is a personal tort recognized by Texas courts. The elements of Defamation are publishing a statement that was defamatory concerning a person, while acting with malice. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568 (Tex. 1998).

146. On or around July 15, 2020, CPT contacted representatives of several Counterclaim Plaintiffs' vendors and customers, including but not limited to, Schmidt Manufacturing, The Warehouse Rental and Supply and PolyLab. CPT contacted these representatives to inform them of this Complaint and on information and belief, CPT forwarded a copy of their Complaint to at least one if not all of those representatives. In CPT's communications with these third parties, CPT claimed false and disparaging information about Counterclaim Plaintiffs' businesses. Specifically, CPT asserted allegations against Counterclaim Plaintiffs' businesses regarding theft and underhanded business tactics without regard for the truth of these statements. CPT knows

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 18 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

these allegations are yet untried before a finder of fact and are contrary to even the evidence presented by CPT in this Complaint. Therefore, CPT published false and disparaging statements, with reckless disregard for the truth of these statements, about Counterclaim Plaintiffs' businesses.

147. Counterclaim Plaintiffs have suffered irreparable harm to their present and future business opportunities, present client negotiations, good will, and all other economic opportunity losses. Anti-corrosion project solutions, when properly performed and maintained, rarely require repeated involvement by corrosion specialists like Counterclaim Plaintiffs for any given project. Therefore, loss of economic opportunity with any client denies good will and profits that may not arise for more than a decade, if not longer.

## Request for Jury Trial

148. Counterclaim Plaintiffs request a jury trial.

## Prayer for Relief

149. Upon trial on the merits, Counterclaim Plaintiffs request that it be awarded:
   (1) A judgment that CPT's '804 and '943 patents have not been infringed by each Counterclaim Plaintiff;
   (2) A judgment that CPT's non-solicitation agreements are no longer enforceable against each Counterclaim Plaintiff;
   (3) Enter judgment against CPT for actual damages and any lost profits from CPT's tortuous interference with Counterclaim Plaintiffs' potential business relationships, in an amount to be determined at trial;
   (4) Enter judgment against CPT for actual damages and any lost profits from CPT's disparagement of Counterclaim Plaintiffs' business, in an amount to be determined at trial;
   (5) Enter judgment against CPT for actual damages and any lost profits from CPT's defamation of Counterclaim Plaintiffs as individual persons, in an amount to be determined at trial;

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 19 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*

(6) The lost revenue and profits from any jobs Counterclaim Plaintiffs lost due to CPT's wrongful conduct;

(7) All other compensatory damages that Counterclaim Plaintiffs suffered from CPT's wrongful conduct;

(8) An award of exemplary damages; and

(9) Such other and further relief as the Court may deem appropriate.

DATED: July 31, 2020

Respectfully submitted,

By: /s/ Robb D. Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com
Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. (to be admitted)
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

***Attorney for Defendants***
***Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb D. Edmonds
Robb D. Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 20 of 20
*U.S. District Court, So. Dist. of TX-Houston Division*