IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC<br>Plaintiff,<br><br>vs.<br><br>LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action 4:20-cv-02201<br><br>**JURY TRIAL DEMANDED** |

## JOINT ESI ORDER

WHEREAS, Plaintiff Corrosion Prevention Technologies LLC ("CPT") and Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC, and Corrosion Exchange, LLC, (collectively, "Defendants") hereby agree that this Order shall govern discovery of electronically-stored information ("ESI") in this action.

1. This order supplements the provisions of Rules 26 and 34 concerning discovery of ESI Local Rules, and all other applicable discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action. This Order does not displace Rules 26 or 34 or diminish a party's obligations to search for, collect, and produce discoverable information that is kept in the ordinary course as ESI.

2. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith consistent with this ESI Order.

3. This Order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing protocols and a summary of their dispute to the Court for its resolution.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. Absent a showing of good cause, general ESI production requests under Federal Rule of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

6. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A. General Document Image Format. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format with the exception that certain documents identified in D below may be produced in native format. Any color images for which color is critical to the document should be produced as single page color jpegs (.JPG); if color is not critical then the document should be produced in black and white. If after reviewing a black and white document, a Receiving Party believes that color is critical to a document, the parties agree to engage in discussion regarding production of discrete documents in color, which production will not be unreasonably withheld. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the

unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. Footer. Each document image shall contain a footer with a sequentially ascending production number.

D. Native Files. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. Hard Copy Documents. Documents that are not maintained in electronic form in a party's ordinary course of business and that are not scanned into electronic form prior to the date of production may be produced in the same manner in which they are maintained (e.g., hard copies). Copies of such documents (whether in electronic format or hard copy) may be made available for inspection and copying or may be delivered to the office of counsel for the requesting party.

F. Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) shall be preserved whenever reasonable in such a way that a document and any attachments to that document are produced in the same production set and are identifiable as parent and child.

G. De-duplication. The parties will use their best efforts to de-duplicate documents as necessary prior to producing them; meaning that, if agreed upon, exact duplicates of a document (*i.e.*, all duplicates having the same MD5 hash value as the original document) will be removed to the best of the producing party's ability from the entire population of documents to be produced.

H. Rule 26 Standard. The parties agree that if a party designates a data source as not reasonably accessible, it shall be assessed using the factors established in FED. R. CIV. P. 26 (and case law interpreting the same).

I. No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

J. Voicemail and Mobile Devices. Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

K. No Obligation to Convert Third Party Productions. The parties agree that any document production received from a third party shall be produced in the format in which it was received.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests. The parties are limited to a total of ten (10) specific e-mail production requests, where each request will identify the up to five (5) custodians and up

to five (5) search terms to be applied to the custodians for that request.

8. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures.

9. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each side shall limit its e-mail production requests to a maximum of five (5) custodians per request. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

10. Each side shall limit its e-mail production requests to a maximum of five (5) search terms per request. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms in a particular request, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, including, but not limited to, general terms such as the producing company's name and its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under Federal or Local Rules, and nothing in this Order creates new or broader discovery obligations than those defined by Federal and Local Rules.

14. This Order may be modified by a Stipulated or Joint Order of the parties, by agreement, or by the Court for good cause shown. Nothing in this Order is intended to, or does, waive any objections to discovery or admissibility, or any other privileges or immunities or, except as specifically provided herein, impose obligations different than those contained in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. The parties recognize that additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Order is intended to, or does, restrict the ability of any party to request additional information or seek additional relief from the Court. The parties each retain the right to seek exceptions, amendments, or modifications to this Order from the Court.

SIGNED at Houston, Texas, this 25th day of February 2021.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE