IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION | ) | |
| TECHNOLOGIES LLC | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Civil Action 4:20-cv-02201 |
| | ) | |
| LOREN HATLE, SANTIAGO | ) | **JURY TRIAL DEMANDED** |
| HERNANDEZ, TIMOTHY MULVILLE, | ) | |
| BEAR METAL TECHNOLOGIES, LLC, and | ) | |
| CORROSION EXCHANGE, LLC, | ) | |
|     Defendants. | ) | |


### DEFENDANTS MOTION FOR SUMMARY JUDGEMENT ON COUNT I FOR LACK OF STANDING AND STATUTE OF LIMITATIONS


    **COME NOW** Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, (the "Individual Defendants"), and Bear Metal Technologies, LLC, and Corrosion Exchange, LLC (collectively, the "Defendants"), move for summary judgment of Count I in the Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 56 for lack of standing and statute of limitations.

    Defense counsel discussed the grounds for this motion and the relief requested with Plaintiff's counsel (Ms. Cori Hockman) on at least May 14, 2021. Plaintiff's counsel opposes this motion and the relief requested herein.


## I.    INTRODUCTION

    Defendants are entitled to judgment on Plaintiff's Count I of its Complaint (D.E. 1) as a matter of law. Count I is based entirely on the Lanham Act ("15 U.S.C. § 1051 *et seq.*") and lacks standing. The Lanham Act does not recognize the injury pled in Count I. In addition to or in the alternative, Count I is barred by the applicable statute of limitations because Plaintiff was aware of the underlying facts more than five (5) years before filing this lawsuit.

## II.    FACTS

The indisputable material facts to Plaintiff's Count I are as follows:

1.      Count I is based on the Lanham Act. *See* D.E. 1 at ¶ 44-51.  Count I cites to 15 U.S.C. § 1051 *et seq.*  *Id.* at ¶ 44.

2.      Count I made no mention of trademark infringement pursuant to 15 U.S.C. § 1114 of the Lanham Act.

3.      Count I only alleged "false and misleading statements" of origin by one or more Defendants, mostly Defendants Hatle and Corrosion Exchange.  *Id.* at ¶¶ 46-51. Specifically, Count I alleges that one or more Defendants:

   a.   made false and misleading statements of origin regarding Scanning Electron Microscope ("SEM") images and product descriptions in a promotional video (*Id.* at ¶ 46 and Exs. F-I),

   b.   made false and misleading statements of origin regarding Defendants' product names on a film former study (*Id.* at ¶ 37, ¶ 46, and Exhibit J),

   c.   made false and misleading statements of origin regarding Defendants' product names on marketing sheets, studies, and reference letters (*Id.* at ¶ 47).

4.      Nothing in Count I alleged "false and misleading statements" of origin of any of Plaintiff's own goods, services or marks. *Id.* at ¶ 44-51.

5.       On September 20, 2012, CorrLine International, LLC ("CLI") was formed subject to an Asset Contribution Agreement (a true and correct copy is attached hereto as Ex. A) that included a Limited Liability Company Agreement of CorrLine International, LLC (a true and correct copy is attached hereto as Ex. A-1) and further included Exhibit C, which was a Schedule of Assets Contributed to the Company by Contributor (a true and correct copy is attached hereto as Ex. A-2).

6.      The Schedule of Assets Contributed to the Company by Contributor "sets forth a list of all Intellectual Property that is included as part of the Assets."  *See* Ex. A at pg. 8, § 3.2.

7.      The Schedule of Assets Contributed to the Company by Contributor was limited to two and only two pending patent applications (Serial Nos. 61/591,028 and 13/359,108).  *See* Ex. A-2 at pg. 2.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                    Page 2 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*

8.     The Asset Contribution Agreement (Ex. A) made no mention of trade secrets, trademarks, copyrights, marketing materials, SEM images, or any other property, whether tangible or not tangible. *See* Ex. A at pg. 8, § 3.2; *see also* Ex. A-2.

9.     On October 15, 2014, CLI was sold in bankruptcy to Plaintiff, known then as "TGS". *See* D.E. 1 at FN 1 at p. 1 and Ex. O.  The bankruptcy sale was subject to an Order Approving Sale (a true and correct copy is attached hereto as Ex. B) that included an Asset Purchase Agreement (a true and correct copy is attached hereto as Ex. B-1).

10.     The bankruptcy Asset Purchase Agreement stated that "[TGS] will purchase and accept from Seller … all of the rights, title and interests of Seller in and to all assets **own[ed]** by the Seller that are not Excluded Assets." *See* Ex. B-1. at 10, § 1.2.

11.     Plaintiff alleges it now has ownership and control of the CLI property and property rights through the purchase of CLI from the bankruptcy (D.E. 1 at ¶ 24), which is limited to the assets owned by CLI at the time of the bankruptcy sale.

12.     On October 27, 2014, Plaintiff through its lawyer Mr. Peter Johnson sent Defendant Hatle a first letter ("Mr. Johnson's 2014 Letter").  A true and correct copy of Mr. Johnson's 2014 Letter is attached hereto as Ex. C.

13.     Mr. Johnson's 2014 Letter stated that Plaintiff "intends to enforce the contractual duties and its rights to ownership and will hold [Mr. Hatle] personally liable for any breach of the CONFIDENTIALITY AGREEMENT and any action that interferes with the property rights acquired by [Plaintiff]…." *See* Ex. C at 4, ¶ 1.

14.      On August 26, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Defendant Hatle a second letter less than one year later ("Mr. Johnson's 2015 Letter").  A true and correct copy of Mr. Johnson's 2015 Letter is attached hereto as Ex. D.

15.     Mr. Johnson's 2015 Letter requested a Rule 2004 exam with Defendant Hatle subject to local bankruptcy rules. Ex. D. at pg. 1, ¶ 2.  The letter sought Hatle's testimony because "[Plaintiff] has concern that the property it acquired from the [CLI] estate is currently being utilized in an unauthorized manner." *Id*.  The letter attached proposed topics which included "Determination of violations of Confidentiality Agreement." *Id*. at pg. 5.

16.     On October 12, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Mr. Brandon Black a third letter ("Mr. Johnson's Third Letter").  A true and correct copy of Mr. Johnson's Third Letter is attached hereto as Ex. E.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                           Page 3 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*

17.     Mr. Johnson's Third Letter informed Mr. Randy LeBeouf, through his counsel Mr. Brandon Black, that Mr. LeBeouf's association with Defendant Hatle carried legal liabilities. Ex. E at pg. 4, ¶¶ 1, 4. The letter further states that "[i]t **being evident that Hatle was ignoring the rights** of [Plaintiff] in both the assets purchased from the bankruptcy estate as well as the Confidentiality Agreement, on October 27, 2014. *Id.* at pg. 3, ¶ 3.

18.     The Third Letter further acknowledged that "[Plaintiff] sent a letter to Hatle reminding him of his obligations and limitations in regards to the assets purchased by [Plaintiff]" back on October 27, 2014, which is well over five (5) years prior to this lawsuit. *Id.*

## III.    GROUNDS FOR SUMMARY JUDGMENT

### A.    Defendants are entitled to Summary Judgment on Count I for lack of standing under the Lanham Act

#### 1.    Plaintiff's burden of proof

The Plaintiff bears the burden of establishing standing. The test for standing under the Lanham Act requires the Plaintiff to: (a) allege an injury to a commercial interest in reputation or sale; and (b) show that such injury was proximately caused by defendant's misrepresentations. *Lexmark Intl., Inc. v. Static Control Components Inc.*, 572 U.S. 118 (2014). Such injury to a commercial interest in reputation or sale is limited to trademark protections only. *See*, *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). Trademark law is concerned with "preventing competitors from copying 'a source identifying mark'" in a way that harms consumers who rely on the mark. *Id.* quoting *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 163-64 (1995). "Federal trademark law 'has no necessary relation to invention or discovery.'" *See Dastar* at 37 (quoting *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879)).

#### 2.    The undisputed facts show Plaintiff lacks standing

Plaintiff asserts that Defendants allegedly copied portions of product descriptions (D.E. 1 at ¶¶ 28, 39), allegedly changed Plaintiff's product names to Defendants' product names (*Id.* at ¶¶ 37-43), or allegedly used SEM images without attribution (*Id.* at ¶¶ 27, 34-36). In other words, Count I complains that Defendants did not attribute original ideas, communications, inventions, and other non-trademark property rights to the Plaintiff in the Defendants' marketing materials. None of these alleged acts of misconduct cause an injury subject to trademark laws. None of these alleged acts of misconduct involve a registered mark of the Plaintiff, nor mention the Plaintiff at

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                    Page 4 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*

all. Rather, these alleged acts of misconduct are a disguised "species of mutant copyright law" that are not protectable under the Lanham Act. *Dastar* at 34. This clear distinction was recently emphasized by The United States Court of Appeals for the Fifth Circuit. The Court stated, "We understand *Dastar* to stand for the general proposition that one cannot shoehorn what essentially amounts to a putative patent violation or putative copyright violation into a Lanham Act claim." *WickFire, LLC v. Woodruff*, No. 17-50340 at pgs. 7-8 (5th Cir. 2021).

Plaintiff's Count I is an improper attempt to shoehorn what would otherwise be a copyright claim into a Lanham Act claim and therefore lacks standing under the Lanham Act. Count 1 makes no mention of an unauthorized use of a valid, registered trademark. Count 1 makes no mention of a misrepresentation of the origin of a good or service. Therefore, Plaintiff has not and cannot be injured under any provision of the Lanham Act. Merely because the Defendants did not attribute original ideas, communications, inventions, and other non-trademark property rights to the Plaintiff in the Defendants' marketing materials is not actionable under trademark law. *Id.* at 37.

Indeed, Plaintiff's Count I has no standing under the Lanham Act, and Defendants are entitled to judgment on Plaintiff's Count I as a matter of law.

### B.    Count I is time barred.

#### 1.    Defendants' burden of proof

The defendant bears the burden of establishing the affirmative defense of statute of limitations. This defense has two elements with regard to Plaintiff's Count I: that the Plaintiff's action was not commenced within four years of the alleged trademark violation, and Plaintiff had knowledge of Defendants alleged violations. Because the Lanham Act does not contain a statute of limitations, "federal courts have referred to analogous state statutes of limitations to determine whether a presumption of laches should apply." *Board of Regents, University of Texas System v. KST Electric, Limited*, 550 F. Supp. 2d 657, 667 (W.D.Tex. 2008). In Texas, a "Lanham Act violation is governed by the four-year statute of limitations under Texas law." *Edmark Industries SDN. BHD. v. South Asia International (H.K.) Limited*, 89 F. Supp. 2d 840, 846 (E.D.Tex. 2000) (citing Tex. Civ. Prac. & Rem. Code § 16.004; *Derrick Manufacturing Corporation v. Southwestern Wire Cloth, Inc.*, 934 F. Supp. 796, 805 (S.D.Tex. 1996) (applying the Texas four year fraud limitations period to Lanham Act claims)). Therefore, alleged violations in Texas of the Lanham Act have an analogous four-year statute of limitations before being barred.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                              Page 5 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*

2.    The undisputed facts show Count I is time barred

At the very least, The Third Letter dated October 15, 2015, undisputedly demonstrates that Plaintiff had knowledge of Defendants' alleged misuses of marketing materials as far back as October 2014—more than 5 years prior to this lawsuit (filed on June 23, 2020). Ex. G at 3, ¶ 3 – 4, ¶ 1.  Therefore, the undisputed facts establish that Plaintiff is time barred by the applicable statute of limitations under the Lanham Act, and Defendants are entitled to summary judgment on Count I as a matter of law.

## IV.    CONCLUSION

Because the evidence, viewed in the light most favorable to Plaintiff, is insufficient to establish standing for its Count I, Defendants are entitled to summary judgment as matter of law. In addition to or in the alternative, Plaintiff's Count I is barred by the statute of limitations and the Defendants are entitled to summary judgment as matter of law.


DATED:   June 16, 2021                          Respectfully submitted,

By: /s/ Robb Edmonds_____
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email:  redmonds@edmondsiplaw.com
Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email:  mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile:  281-201-0590

*Attorneys for Defendants*
*Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC*

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                    Page 6 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 14, 2021, I contacted Ms. Cori Hockman, counsel for the Plaintiff, telephonically, to notify the opposing party of the issues asserted in this motion. Ms. Hockman opposed this motion.

/s/ Robb Edmonds
Robb Edmonds

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                      Page 7 of 7
*U.S. District Court, So. Dist. of TX-Houston Division*