# EXHIBIT B

ENTERED
10/15/2014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
 §
CORRLINE INTERNATIONAL, LLC, § Case No. 14-32740
 § (Chapter 7)
Debtor. §

**ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363**
(Relates to Doc. No. __96__)

On September 24, 2014, the Court entered an Order Approving (I) Sale Procedure, Form of Asset Purchase Agreement and Form of Notice; and (II) Bid Protections (Doc. No. 77) ("Bid Procedures Order"). Pursuant to the Bid Procedures Order, the deadline for interested parties to submit a Qualified Bid was October 9, 2014. The Trustee received no Qualified Bids other than the Stalking Horse Bid that was approved by the Bid Procedures Order (Doc. No. 89).

The Court has considered the Trustee's Emergency Motion for Approval of Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363 (the "Motion"). Based on the law and facts alleged in the Motion, the evidence and arguments of counsel presented at the sale hearing, and the entire record in this bankruptcy case, the Court finds that the relief requested in the Motion is in the best interests of the bankruptcy estate and its creditors, and therefore should be granted.

ACCORDINGLY, IT IS HEREBY FOUND AND DETERMINED:[1]

**Jurisdiction and Venue**

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a) and 363. The Motion is governed procedurally by Federal Rule of Bankruptcy Procedure 6004.

---

[1] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding under Rule 9014. To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

### Notice

C.   As evidenced by the certificates of service filed with the Court, and based on the representations of the Trustee and counsel, proper and timely notice of the Bid Procedures Order, Auction, Motion and the sale hearing has been provided to all parties entitled to notice thereof, in compliance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court. Such notice constitutes good and sufficient notice under the particular circumstances. No other notice need be given for the granting of the relief requested in the Motion or entry of this Order.

D.   A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including (a) all parties on the master service list maintained in this bankruptcy case, (b) the Office of the United States Trustee, (c) known creditors of the Debtor holding liens or security interests in the Assets, (d) all potential purchasers previously identified by the Trustee, (e) all applicable federal, state, and local regulatory or taxing authorities, recording offices, or any governmental entity that have a reasonably known interest in the relief requested in the Motion, and (f) all entities who have filed a notice of appearance and request for service of papers in this bankruptcy case.

### The Sale Transaction

E.   The Trustee, as "Seller", and The Tagos Group, LLC, as "Purchaser", entered into an Asset Purchase Agreement (the "Asset Purchase Agreement"), which contemplates the sale of substantially all of the Debtor's assets (the "Assets") to Purchaser pursuant to the terms and conditions thereof. A copy of the Asset Purchase Agreement is attached as **Exhibit 1**. The Asset Purchase Agreement requires the sale of the Assets to be free and clear of all liens, claims, interests, and other encumbrances of any kind whatsoever other than Permitted Liens (as defined in the Asset Purchase Agreement) (collectively, "Encumbrances").

F.   The Asset Purchase Agreement was (and the transaction documents and related instruments contemplated therein will be) negotiated, proposed, and entered into by and between the Trustee and Purchaser without collusion, in good faith, and from arm's length bargaining positions. Neither the Trustee nor Purchaser has engaged in any conduct that would cause or permit the application of 11 U.S.C. § 363(n) to the sale, including voiding the Asset Purchase Agreement or the transaction documents and related instruments contemplated thereunder.

G.   The Trustee is authorized to sell the Assets to Purchaser for $550,000.00 ("Purchase Price"), pursuant to the terms of the Asset Purchase Agreement. The sale shall be free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f).

H.   The Tagos Group, LLC as Purchaser under the Asset Purchase Agreement shall be allowed to receive conveyance of the Assets to its wholly owned subsidiary, TGS Solutions, LLC, in the same manner and with the same protections as the Purchaser as described hereunder and in the Asset Purchase Agreement.

HATLE_0003537

I. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the application of 11 U.S.C. § 363(n) to the sale. The Purchaser qualifies as a good faith purchaser in accordance with 11 U.S.C. § 363(m), and, as such, is entitled to all of the protections afforded thereunder. The Purchaser will be acting in good faith within the meaning of § 363(m) in closing the sale transaction contemplated by this Order.

J. The terms and conditions of the Asset Purchase Agreement and the Purchase Price to be paid to the Trustee (a) are fair and reasonable; (b) constitute the highest and best offer for the Assets; (c) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (d) constitute reasonably equivalent value and fair consideration for the Assets.

K. The sale of the Assets is in the best interest of the estate, its creditors, and all parties in interest. The Trustee has demonstrated good, sound, and sufficient business purpose and justification, and it is a prudent exercise of her business judgment to sell the Assets on the terms and conditions set forth in this Order and the Asset Purchase Agreement.

L. The Trustee is authorized to consummate the sale of the Assets free and clear of all liens, claims, interests and encumbrances as set forth herein because one or more of the standards enumerated in 11 U.S.C. § 363(f) have been satisfied. All parties with Encumbrances in the Assets who did not object to the Motion or the Bid Procedures Order and the relief requested therein, or who withdrew their objections to the sale, are deemed to have consented pursuant to § 363(f)(2). All parties with Encumbrances in the Assets, who did object to the Motion or the Bid Procedures and the relief requested and have not withdrawn their objections therein fall within one or more of the other subsections of § 363(f) and are adequately protected by having their Encumbrances attach to the net proceeds of the transactions with the same validity, enforceability, priority, force and effect that they now have as against the Assets, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties-in-interest with respect to such Encumbrances.

M. Except as specifically set forth in the Asset Purchase Agreement, the closing of the sale contemplated in this Order will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities, or claims of any kind or nature whatsoever, whether known or unknown, contingent or liquidated, or otherwise, existing as of the closing, of or against the Debtor, the bankruptcy estate, or any other person by reason of such transfer based on any legal or equitable theory, including liabilities based on any theory of antitrust law or *de facto* merger or successor or transferee liability.

ACCORDINGLY, THE COURT ORDERS THAT:

### General Provisions

1. All parties in interest have had a reasonable opportunity to object to the relief requested in the Motion. Parties that filed objections but failed to appear are deemed to have waived their objections. To the extent that such objections have not been withdrawn, waived or settled, such objections and all reservations of right included therein are overruled on the merits.

HATLE_0003538

The parties who did not object or who withdrew their objections are deemed to have consented to the sale transaction contemplated under this Order.

### Approval of the Sale

2. The Asset Purchase Agreement, along with the related documents and instruments contemplated therein, and all of the terms and conditions thereof are approved in their entirety.

3. The Trustee's sale of the Assets to TGS Solutions, LLC and The Tagos Group, LLC for the Purchase Price is approved pursuant to 11 U.S.C. §§ 105(a) and 363. Any objections to the Motion and/or the Asset Purchase Agreement, that have not been withdrawn, waived, or settled are hereby denied and overruled.

4. The Trustee is authorized and directed under 11 U.S.C. §§ 105(a) and 363 to perform her obligations under this Order and to execute such other documents and take such other actions that are reasonably necessary to effectuate the transaction contemplated by this Order.

5. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated under the Asset Purchase Agreement.

### Transfer of the Assets Pursuant to 11 U.S.C. § 363(f)

6. At closing, the Assets shall be transferred to TGS Solutions, LLC, free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f). The Encumbrances related to the Assets shall attach to the sale proceeds with the same validity, enforceability, priority, and force and effect as they had against the Assets immediately prior to the closing. Any such party holding or asserting such an Encumbrance shall file a pleading with the Court within 30 days of the entry date of this Order specifically asserting such Encumbrance and attaching supporting documentation or such Encumbrance shall be forever waived and discharged.

7. All parties (including all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors) holding liens or claims against the Debtor or the Assets, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated, arising before the closing are prohibited from asserting, prosecuting, or otherwise pursuing such claims or liens against the Purchaser or the Assets.

8. The sale of the Assets pursuant to this Order will vest TGS Solutions, LLC with valid and indefeasible title to the Assets, and will be a legal, valid, and effective transfer of the Assets, free and clear of all liens, claims, interests, and encumbrances.

HATLE_0003539

Trustee's Exhibit 1.pdf

### Miscellaneous Provisions

9. The Trustee shall pay $28,810.79 of the sale proceeds to Seatex, Ltd. This payment shall be in complete and full satisfaction of any claims Seatex, Ltd. may have against the Debtor or the estate. Further, any Corrline inventory, including CorrX Prep and CorrX Wash and any previous iteration of these products in all forms of packaging, in Seatex, Ltd.'s possession are property of the bankruptcy estate and are sold to the Purchaser free and clear as part of this approved sale.

10. Each item of the Debtor's Intellectual Property, as defined in the APA, is being sold to TGS Solutions, LLC free and clear as part of this approved sale and TGS Solutions, LLC is immediately vested with exclusive ownership and authorization to manage, register and otherwise perfect its rights in such property, including the filing of further patent registration, without further order of this Court.

11. This Order (a) is and shall be effective as a determination that, on the closing date, all liens, claims, interests, and encumbrances have been unconditionally released, discharged, and terminated in each case as to the Assets and (b) is and shall be binding on and shall govern acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect the Purchaser is the owner of the Assets free and clear of liens, claims, interests, and encumbrances.

12. Neither TGS Solutions, LLC nor The Tagos Group, LLC shall have any liability or responsibility for any liability or other obligation of the Debtor or the bankruptcy estate arising under or related to the Assets. The form of transaction approved herein and represented by the Asset Purchase Agreement is a sale of assets and not a statutory merger nor a *de facto* merger. Without limiting the generality of the foregoing, neither TGS Solutions, LLC nor The Tagos Group, LLC shall be liable for any claims against the Debtor or any of its predecessors or affiliates, and neither TGS Solutions, LLC nor The Tagos Group, LLC shall have successor, transferee, or vicarious liabilities of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising before the closing.

13. Absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by this Order.

14. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

15. If any person or entity that has filed financing statements, Notices of Lien or other documents or agreements evidencing a claim, lien or interest in the Assets shall not have delivered to the Trustee before the closing (in proper form for filing and executed by the

HATLE_0003540

Trustee's Exhibit 1.pdf

appropriate parties) termination statements, instruments of satisfaction and/or releases of all interests that the party has concerning the Debtor or the Assets then (a) the Trustee is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the party concerning the Assets and (b) the Purchaser is authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of such claim, lien or interest in the Assets.

16. The terms of this Order shall be binding on and inure to the benefit of TGS Solutions, LLC, The Tagos Group, LLC, the Debtor, the Trustee, the Debtor's creditors and all other parties in interest, and any successors of such parties, including any trustee or examiner appointed in this case or any subsequent or converted case of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code.

17. In the absence of a stay pending appeal, with respect to the transactions approved and authorized herein, TGS Solutions, LLC and The Tagos Group, LLC, as a purchaser in good faith within the meaning of 11 U.S.C. § 363(m), shall be entitled to the protections of § 363(m) in the event this Order or any authorization contained herein is reversed or modified on appeal.

18. The Trustee shall serve a copy of this Order on all creditors and parties in interest within 5 business days of the entry date of this Order and file a certificate of service with the Court.

19. For good cause shown, this Order shall be effective and enforceable immediately on its entry by the Court, notwithstanding Fed. R. Bankr. P. 6004(h) or other applicable law or procedural rules.

**Dated: October 14, 2014.**

Honorable Jeff Bohm
Chief United States Bankruptcy Judge

6

HATLE_0003541

Trustee's Exhibit 1.pdf

Case 14-32740   Document 99    Filed in TXSB on 10/14/14    Page 7 of 42
Case 14-32740   Document 96-1   Filed in TXSB on 10/13/2014   Page 7 of 42

HATLE_0003542

**Approved as to form:**

/s/ Aaron J. Power
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
Porter Hedges LLP
State Bar. No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
**Counsel to Eva S. Engelhart, Trustee**

/s/ Peter Johnson
Peter Johnson
State Bar No. 10778400
Law Offices of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046
(713) 961-1200

**Counsel to The Tagos Group, LLC**