IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LOREN HATLE, SANTIAGO )<br>HERNANDEZ, TIMOTHY MULVILLE, )<br>BEAR METAL TECHNOLOGIES, LLC, and )<br>CORROSION EXCHANGE, LLC, )<br>Defendants. ) | | Civil Action 4:20-cv-02201<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS MOTION FOR SUMMARY JUDGEMENT ON COUNTS II AND III FOR STATUTE OF LIMITATIONS

**COME NOW** Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, (the "Individual Defendants"), and Bear Metal Technologies, LLC, and Corrosion Exchange, LLC (collectively, the "Defendants"), move for summary judgment of Counts II and III of the Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 56 for being time barred by the relevant statute of limitations.

Defense counsel discussed the grounds for this motion and the relief requested with Plaintiff's counsel (Ms. Cori Hockman) on at least May 14, 2021. Plaintiff's counsel opposed this motion and the relief requested herein.

### I. INTRODUCTION

Defendants are entitled to judgment on Plaintiff's Counts II and III of its Complaint (D.E. 1) as a matter of law. Count II is based entirely on the Defend Trade Secrets Act (the "DTSA") (18 U.S.C. § 1836 *et seq*). Count III is based entirely on the Texas Uniform Trade Secrets Act (the "TUTSA") (Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*). Counts II and III are barred by the applicable statute of limitations because Plaintiff was aware of the underlying facts alleged in Counts II and III more than five (5) years before filing this lawsuit.

## II. FACTS

The indisputable material facts to Plaintiff's Count II and III are as follows:

1. Count II is based on the DTSA. *See* D.E. 1 at ¶ 52-64. Count II cites to 18 U.S.C. § 1836 *et seq*. *Id.* at ¶ 52.
2. Count II alleges misappropriation of Plaintiff's trade secrets by one or more Defendants. *Id.* at ¶¶ 57-60. Specifically, Count II alleges that one or more Defendants:
   a. were "exposed to and had access to [Plaintiff]'s misappropriated trade secrets" during the course and scope of Defendants' employment (*Id.* at ¶ 57),
   b. "stole [Plaintiff]'s misappropriated trade secrets **while still employed**" (*Id*. at ¶ 58), and
   c. "intended to leverage and commercially exploit [Plaintiff]'s misappropriated trade secrets for the financial benefit of their own" products and service (*Id*. at ¶ 60).
3. Plaintiff's Count III is based on the TUTSA. *See* D.E. 1 at ¶ 65-80. Count III cites to Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*. *Id.* at ¶ 52.
4. Count III alleges misappropriation of Plaintiff's trade secrets by one or more Defendants. *Id.* at ¶¶ 66-75. Specifically, Count III alleges that one or more Defendants:
   a. "had access to [Plaintiff]'s confidential and trade secret information" during the course their relationship with CorrLine International, LLC ("CLI") (*Id.* at ¶ 66),
   b. "**upon resignation**" took the trade secrets (*Id*. at ¶ 71), and
   c. are using misappropriated trade secrets to "solicit [Plaintiff]'s customers" (*Id.* at ¶ 75) and expand Defendants' businesses (*Id*. at ¶ 77).
5. Defendant Loren Hatle resigned from CLI in September 2014. *Id*. at ¶ 23.
6. Defendant Timothy Mulville resigned from CLI in September 2014. *Id*.
7. Defendant Santiago Hernandez resigned from CLI in September 2014. *Id*.
8. About one month later on October 27, 2014, Plaintiff through its lawyer Mr. Peter Johnson sent Defendant Hatle a first letter ("Mr. Johnson's 2014 Letter"). A true and correct copy of Mr. Johnson's 2014 Letter is attached hereto as Ex. A.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 2 of 5

9. Mr. Johnson's 2014 Letter stated that Plaintiff "intends to enforce the contractual duties and its rights to ownership and will hold [Mr. Hatle] personally liable for any breach of the CONFIDENTIALITY AGREEMENT and any action that interferes with the property rights acquired by [Plaintiff]…." *See* Ex. A at 4, ¶ 1.

10. On August 26, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Defendant Hatle a second letter less than one year later ("Mr. Johnson's 2015 Letter"). A true and correct copy of Mr. Johnson's 2015 Letter is attached hereto as Ex. B.

11. Mr. Johnson's 2015 Letter requested a Rule 2004 exam with Defendant Hatle subject to local bankruptcy rules. Ex. B. at pg. 1, ¶ 2. The letter sought Hatle's testimony because "[Plaintiff] has concern that the property it acquired from the [CLI] estate is currently being utilized in an unauthorized manner." *Id*. The letter attached proposed topics which included "Determination of violations of Confidentiality Agreement." *Id*. at pg. 5.

12. On October 12, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Mr. Brandon Black a third letter ("Mr. Johnson's Third Letter"). A true and correct copy of Mr. Johnson's Third Letter is attached hereto as Ex. C.

13. Mr. Johnson's Third Letter informed Mr. Randy LeBeouf, through his counsel Mr. Brandon Black, that Mr. LeBeouf's association with Defendant Hatle carried legal liabilities. Ex. C at pg. 4, ¶¶ 1, 4. The letter further states that "[i]t **being evident that Hatle was ignoring the rights** of [Plaintiff] in both the assets purchased from the bankruptcy estate as well as the Confidentiality Agreement, on October 27, 2014. *Id*. at pg. 3, ¶ 3.

14. The Third Letter further acknowledged that "[Plaintiff] sent a letter to Hatle reminding him of his obligations and limitations in regards to the assets purchased by [Plaintiff]" back on October 27, 2014, which is well over five (5) years prior to this lawsuit. *Id*.

### III. GROUNDS FOR SUMMARY JUDGMENT
#### A. Counts II and III are time barred.
##### 1. <u>Defendants' burden of proof</u>

The defendant bears the burden of establishing the affirmative defense of statute of limitations. This defense has two elements with regard to Plaintiff's Count II: that the Plaintiff's action was not commenced within three years of the alleged misappropriation (18 U.S.C. § 1836(d)), and Plaintiff had knowledge of Defendants alleged misappropriations. This defense also

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 3 of 5

has two elements with regard to Plaintiff's Count III: that the Plaintiff's action was not commenced within three years of the alleged misappropriation (Tex. Civ. Prac. & Rem. Code § 16.010), and Plaintiff had knowledge of Defendants alleged misappropriations. Therefore, both the DTSA and TUTSA have a three-year statute of limitations.

2. <u>The undisputed facts show Counts II and III are time barred</u>

At the very least, The Third Letter dated October 15, 2015, undisputedly demonstrates that Plaintiff had knowledge of Defendants' alleged misappropriations of confidential information, which includes trade secrets, as far back as October 2014—more than 5 years prior to this lawsuit (filed on June 23, 2020). Ex. C at 3, ¶ 3 – 4, ¶ 1. Therefore, the undisputed facts establish that Plaintiff is time barred by the applicable statute of limitations under the DTSA and TUTSA, respectively, and Defendants are entitled to summary judgment on Counts II and III as a matter of law.

## IV. CONCLUSION

Plaintiff's Counts II and III are barred by the statute of limitations and the Defendants are entitled to summary judgment as matter of law.

DATED: June 16, 2021

Respectfully submitted,

By: /s/ Robb Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com
Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

*Attorneys for Defendants*
*Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on May 14, 2021, I contacted Ms. Cori Hockman, counsel for the Plaintiff, telephonically, to notify the opposing party of the issues asserted in this motion. Ms. Hockman opposed this motion.

/s/ Robb Edmonds
Robb Edmonds

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 5 of 5