IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC  Plaintiff, | ) ) ) ) | |
| vs. | ) ) | Civil Action 4:20-cv-02201 |
| LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,  Defendants. | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |

## INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY JUDGEMENT ON COUNT VII FOR STATUTE OF LIMITATIONS

**COME NOW** Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, (the "Individual Defendants"), move for summary judgment on Count VII of the Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 56 for being time barred by the relevant statute of limitations.

Defense counsel discussed the grounds for this motion and the relief requested with Plaintiff's counsel (Ms. Cori Hockman) on at least May 14, 2021. Plaintiff's counsel opposed this motion and the relief requested herein.

### I. INTRODUCTION

Individual Defendants are entitled to judgment on Plaintiff's Count VII of its Complaint (D.E. 1) as a matter of law. Count VII is based entirely on conversion under Texas law, which has a two (2) year statute of limitations. Count VII is time barred because Plaintiff was aware of the underlying facts alleged in Count VII more than five (5) years before filing this lawsuit.[1]

---

[1] Should be noted there is no such thing as conversion of intangible property, as alleged by Plaintiff. *See Neles-Jamesbury, Inc. vs. Bill's Valves*, 974 F.Supp.979, 982 (SDTX 1997). Nonetheless, the claim is time barred which makes for a much shorter motion for summary judgement.

## II. FACTS

The indisputable material facts to Plaintiff's Count VII are as follows:

1. Count VII is based on conversion under Texas law. *See* D.E. 1 at ¶¶ 97-103.
2. Count VII alleges conversion of Plaintiff's property from CorrLine International, LLC ("CLI") by one or more Individual Defendants. *Id.* at ¶ 97. Specifically, Count VII alleges that one or more Individual Defendants:
    a. "wrongfully exercised dominion and control over [Plaintiff]'s property in a manner inconsistent with [Plaintiff]'s rights" (*Id.* at ¶ 99);
    b. took property that includes "information from [Plaintiff]'s property" (*Id.*); and
    c. took property no later than the time Defendants resigned from CLI. *Id.* at ¶ 71.
3. Defendant Loren Hatle resigned from CLI in September 2014. *Id.* at ¶ 23.
4. Defendant Timothy Mulville resigned from CLI in September 2014. *Id.*
5. Defendant Santiago Hernandez resigned from CLI in September 2014. *Id.*
6. About one month later on October 27, 2014, Plaintiff through its lawyer Mr. Peter Johnson sent Defendant Hatle a first letter ("Mr. Johnson's 2014 Letter"). A true and correct copy of Mr. Johnson's 2014 Letter is attached hereto as Ex. A.
7. Mr. Johnson's 2014 Letter stated that Plaintiff "intends to enforce the contractual duties and its rights to ownership and will hold [Mr. Hatle] personally liable for any breach of the CONFIDENTIALITY AGREEMENT and any action that interferes with the property rights acquired by [Plaintiff]…." *See* Ex. A at 4, ¶ 1.
8. On August 26, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Defendant Hatle a second letter less than one year later ("Mr. Johnson's 2015 Letter"). A true and correct copy of Mr. Johnson's 2015 Letter is attached hereto as Ex. B.
9. Mr. Johnson's 2015 Letter requested a Rule 2004 exam with Defendant Hatle subject to local bankruptcy rules. Ex. B. at pg. 1, ¶ 2. The letter sought Hatle's testimony because "[Plaintiff] has concern that the property it acquired from the [CLI] estate is currently being utilized in an unauthorized manner." *Id.* The letter attached proposed topics which included "Determination of violations of Confidentiality Agreement." *Id.* at pg. 5.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 2 of 5

10. On October 12, 2015, Plaintiff again through its lawyer Mr. Peter Johnson sent Mr. Brandon Black a third letter ("Mr. Johnson's Third Letter"). A true and correct copy of Mr. Johnson's Third Letter is attached hereto as Ex. C.

11. Mr. Johnson's Third Letter informed Mr. Randy LeBeouf, through his counsel Mr. Brandon Black, that Mr. LeBeouf's association with Defendant Hatle carried legal liabilities. Ex. C at pg. 4, ¶¶ 1, 4. The letter further states that "[i]t **being evident that Hatle was ignoring the rights** of [Plaintiff] in both the assets purchased from the bankruptcy estate as well as the Confidentiality Agreement, on October 27, 2014. *Id*. at pg. 3, ¶ 3.

12. The Third Letter further acknowledged that "[Plaintiff] sent a letter to Hatle reminding him of his obligations and limitations in regards to the assets purchased by [Plaintiff]" back on October 27, 2014, which is well over five (5) years prior to this lawsuit. *Id*.

## III. GROUNDS FOR SUMMARY JUDGMENT

### A. Count VII is time barred.

#### 1. Individual Defendants' burden of proof

The defendant bears the burden of establishing the affirmative defense of statute of limitations. This defense has two elements with regard to Plaintiff's Count VII: that the Plaintiff's action was not commenced within two years of the alleged conversion (Tex. Civ. Prac. & Rem. Code § 16.003), and Plaintiff had knowledge of Defendants alleged conversion.

#### 2. The indisputed facts show Count VII is time barred

At the very least, Mr. Johnson's 2015 Letter (Ex.B) and The Third Letter dated October 15, 2015 (Ex.C) indisputedly demonstrate that Plaintiff had knowledge of Individual Defendants' alleged conversion of confidential information, which includes trade secrets, and marketing materials as far back as October 2014—more than 5 years prior to this lawsuit (filed on June 23, 2020). Ex. C at 3, ¶ 3 – 4, ¶ 1. Therefore, the indisputed facts establish that Plaintiff is time barred by the applicable statute of limitations under Texas law, and Individual Defendants are entitled to summary judgment on Count VII as a matter of law.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 3 of 5

## IV. CONCLUSION

Plaintiff's Count VII is barred by the statute of limitations and the Individual Defendants are entitled to summary judgment as matter of law.

DATED: June 17, 2021

Respectfully submitted,

By: /s/ Robb Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com
Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

*Attorneys for Defendants*
*Loren Hatle, Santiago Hernandez, Timothy*
*Mulville, Bear Metal Technologies, LLC*
*and Corrosion Exchange, LLC*

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 4 of 5

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 14, 2021, I contacted Ms. Cori Hockman, counsel for the Plaintiff, telephonically, to notify the opposing party of the issues asserted in this motion. Ms. Hockman opposed this motion.

/s/ Robb Edmonds
Robb Edmonds

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 5 of 5