# EXHIBIT B

# LAW OFFICES OF PETER JOHNSON

www.pjlaw.com

Eleven Greenway Plaza
Aim Investments Tower, Suite 2820
Houston, Texas 77046
713.961.1200

PETER JOHNSON*
**BOARD CERTIFIED®**
Texas Board of Legal Specialization
Business bankruptcy law
Consumer bankruptcy law

MAILING ADDRESS:
P.O. Box 980877
Houston, TX 77098-0877

Email: pjohnson@pjlaw.com

August 26, 2015
SENT BY CERTIFIED AND FIRST CLASS MAIL

Loren L. Hatle
21122 Grandin Wood Court
Humble, Texas 77338

RE:  CorrLine International, LLC, Debtor
Bankruptcy Case No. 14-32740
United States Bankruptcy Court for the
Southern District Of Texas, Houston, Division

Dear Mr. Hatle:

As you are aware our firm represents The Tagos Group LLC (hereinafter "Tagos") in the above referenced bankruptcy proceeding and as a result of an auction conducted by the Chapter 7 bankruptcy Trustee, Tagos has acquired in its subsidiary, TGS Solutions, LLC (hereinafter "TGS"), certain assets from the CorrLine International, LLC bankruptcy estate (hereinafter "CorrLine"). For the purpose of this correspondence, I write to you in behalf of Tagos and TGS, the entity acquiring the assets of Corrline.

My client has concern that the property it acquired from the CorrLine estate is currently being utilized in an unauthorized manner. To further investigate facts that have come to the attention of Tagos, Tagos has elected to proceed with your examination pursuant to Rule 2004 of the Bankruptcy Rules of Procedure ("Rule 2004 Exam").

In compliance with Bankruptcy Rule 2004 and the Local Rule 2004 of the United States Bankruptcy Court for the Southern District of Texas with jurisdiction of this matter, the purpose of this letter is to request an agreeable time and date to conduct the Rule 2004 Exam.

The Rule 2004 Examination will be conducted at the Law Offices of Peter Johnson, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046. I have enclosed herewith a copy of the NOTICE OF RULE 2004 EXAMINATION OF LOREN HATLE AND REQUEST FOR PRODUCTION OF DOCUMENTS for such examination. I would like to conduct the Rule 2004 Exam on September 22, 2015 at 10:00 am. If this date and time is not convenient for you, please immediately contact my office with alternate dates and time.

IN ADDITION TO OTHER SERVICES WE OFFER, WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE. THEREFORE, THIS LAW FIRM IS ALSO A DEBT RELIEF AGENCY

    In the event that you do not contact me with alternate dates on or before September 7, 2015, I will have the subpoena issued, filed and served in accordance with the enclosed notice.

    Thank you for your attention to this most important matter.

                                              Sincerely yours,

                                              Peter Johnson

Enclosure

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **CorrLine International, LLC** | § | **CASE NO. 14-32740** |
| *Debtor* | § | |
| | § | (Chapter 7) |
| | § | Judge Jeff Bohm |

**NOTICE OF RULE 2004 EXAMINATION OF LOREN HATLE AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO:**   **Loren Hatle** 21122 Grandin Wood Court, Humble, Texas 77338.

**PLEASE TAKE NOTICE THAT The Tagos Group, LLC** will conduct an examination of **Loren Hatle** pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of Texas commencing at 10:00 a.m. on September 22, 2015 or at such other date, time, and location that is mutually agreeable to the The Tagos Group, LLC and Loren Hatle. The examination will be taken before a court reporter authorized by law to administer oaths and may be videotaped. The examination may continue from day to day thereafter until completed.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of Texas, you are directed to attend the examination at the duly appointed time and place and to produced the original or copy of all documents listed and defined on the subpoena duces tecum attached hereto as Exhibit "A."

[PROPOSED RULE 2004 EXAM]

DATED: August 26, 2015.

                      LAW OFFICE OF PETER JOHNSON

                      By: */s/ Peter Johnson*
                          Peter Johnson
                      State Bar No. 10778400
                      Eleven Greenway Plaza, Suite 2820
                      Houston, Texas 77046
                      pjohnson@pjlaw.com
                      Telephone (713) 961-1200
                      Facsimile (713) 961-0941
                      ATTORNEY FOR THE TAGOS GROUP, LLC

### CERTIFICATE OF SERVICE

    I hereby certify that I have caused a true and correct copy of the foregoing Notice to be served via electronic means on (i) all parties who receive ECF notice in this bankruptcy case, and the following party by First Class Mail and Registered Mail RRR:

Loren L. Hatle
21122 Grandin Wood Court
Humble, Texas 77338

on August 26, 2015.

                                          */s/ Peter Johnson*
                                          PETER JOHNSON

## EXAMINATION TOPICS

1. Sale of the Assets by the Trustee to TAGOS and or TGS and related matters which may affect administration of bankruptcy estate.

2. Compliance with the Sale Order.

3. Determination of violations of Confidentiality Agreement.

EXHIBIT "A"

## SUBPOENA DUCES TECUM INSTRUCTIONS

1. All Documents described that are in Your possession, custody, or control, including Documents, wherever located, within the possession, custody, or control of Your advisors, Affiliates, agents, attorneys, accountants, consultants, employees, representatives, and other persons acting or who have acted on behalf of the foregoing, dated from January 1, 2014 to the present, shall be produced as directed herein.

2. Any Document requested herein that is not in Your immediate physical possession, but which You have a right to obtain from a third person or otherwise subject to Your control, shall be obtained and produced as directed.

3. The selection of Documents from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document is obtained may be identified.

4. Produce electronically stored information in native file format, with all metadata intact.

5. Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

6. All Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the Document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the Document.

7. If any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

8. If any Document requested herein contains both privileged and non-privileged material, the non- privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

9. In the event that any Document requested herein has been destroyed or discarded, that Document is to be identified by stating: (a) the Document's date, subject matter, number of pages, and attachments or appendices; (b) all persons to whom the Document was distributed, shown, or explained; (c) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (d) the persons who authorized and carried out such destruction or discard; and (e) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

10. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

11. Unless otherwise specified, all document requests seek the production of any and all relevant documents pertaining to the period beginning on May 14, 2014, through the present date and continuing thereafter.

# DEFINITIONS

1. "Mr. Hatle" or "You," and "Your(s)." whether such terms are singular or plural, shall mean Loren Hatle and his representatives and agents.

2. "Sale Order" means that order entered by the United States Bankruptcy Court on October 14, 2014 directing the sale of Corrline Assets to Tagos and/or TGS.

3. "CorrLine Assets" means all property owned by Corrline during the period of its inception through entry of the Sale Order.

4. "Confidentiality Agreement" means that certain agreement between you and Corrline executed by you and dated July 30, 2013.

5. "Tagos" means the Tagos Group, LLC and its officers, directors, employees, representatives, and agents.

6. "TGS" means TGS Solutions LLC.

7. "Trigenex" means TRIGENEX OF TEXAS, INC.

8. "CorrLine" means CorrLine International, LLC and its officers, directors, employees, representatives, and agents.

9. "Clean Metal" means the entity known as Clean Metal Technologies, LLC and identified in the web address www.bearmetaltech.com or formed by Santiago Hernandez on October 24, 2014.

10. "Clean Metal" means the entity known as Clean Metal Technologies.

11. "PCS" means the entity known as Paradigm Corrosion Specialists, LLC.

12. "Communicate" or "communication" means every manner or means of disclosure, transfer or exchange of information whether oral or by document or whether face to face by telephone, mail, personal delivery or otherwise.

13. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

14. "Identify" or "identity" means (a) when used in reference to an individual person, to state his or her full name and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question; (b) when used in reference to a business organization or entity other than an individual, to

state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership), and (c) when used in reference to a document, to set forth its date, author, designated and actual recipient(s), type of document, number of pages and identity (as defined above) of its present or last known custodian.

15. "Related," "relating" and "in relation to" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or constituting evidence of, in whole or in part.

PROPOSED RULE 2004 EXAM

# DOCUMENTS TO BE PRODUCED
# UNDER SUBPOENA DUCES TECUM

1. All Documents, including but not limited to emails, that you have sent or received since August 2014 from prior customers of CorrLine.

2. All Documents, including but not limited to emails, that you have sent or received since August 2014 from or to Shell Oil Company, Chevron, Steve Fournier, Peter Bock, Randy LeBouef, Dr. Thomas Basile, Contenemos, Green Solutions, Lafayette Paint and Supply, Rocky Smith and Santiago Hernandez.

3. All Documents that constitute communication with Shell regarding CorrX including but not limited to with Halina Wisniewski subsequent to November 2013.

4. All Documents that constitute test results provided by Shell to CorrLine, to you or to any entity you have been affiliated with in any manner subsequent to October 2012.

5. All Documents that constitute Safety Data Sheets and Product Data Sheets for the products being marketed by Bear Metal Technologies.

6. All Documents that constitute Safety Data Sheets and Product Data Sheets for the products being marketed by Clean Metal Technologies.

7. All Documents that constitute communication subsequent to November 2013 with Chevron regarding CorrX including, but not limited to, Benjamin Chaloner Gill.

8. All Documents that constitute communication or agreements with Steve Fournier or Paradigm Corrosion Specialists subsequent to August 2014 regarding the sales and marketing of CorrX or a similar corrosion mitigation product or technology.

9. All Documents that constitute communication or agreements with Bill Dykes or RL Environmental subsequent to August 2014 regarding the sales and marketing of CorrX or a similar corrosion mitigation product or technology.

10. All Documents that constitute communication with EcoPetrol, TecniTanques, Green Solutions or any other entity or individual associated with the marketing, sales, or application of CorrX or a similar corrosion mitigation product or technology in Colombia since August 2014.

11. All Documents that constitute communication with intellectual property counsel or the United States Patent and Trademark Office since August 2014.

12. All Documents you contend relieve you of your obligations under the Confidentiality Agreement.