# EXHIBIT C



# LAW OFFICES OF PETER JOHNSON

PETER JOHNSON

**BOARD CERTIFIED**
Texas Board of Legal Specialization
for non-bankruptcy law
Collection cases only

www.pjlaw.com

Lyric Centre Plaza
Ann Investments Limited Street, #830
Houston, Texas 77002
713.961.1200

MAILING ADDRESS:
P.O. Box 980873
Houston, TX 77098-0873

Email: pjohnson@pjlaw.com

Monday, October 12, 2015

email: bblack@joneswalker.com

Brandon K. Black, Esq
Jones Walker
8555 United plaza Boulevard
Baton Rouge, Louisiana 70809-7000

**RE:** TGS Solutions, LLC dba Corrosion Prevention Technologies

**Your Client:** Clean Metal Technologies and Randy LeBouef

Dear Mr. Black:

I write to you as counsel to TGS Solutions, LLC dba Corrosion Prevention Technologies ("TGS"), the owner of certain intellectual property and holder of contract rights under an agreement of confidentiality hereinafter defined. It is my understanding that you represent Clean Metal Technologies and Randy LeBouef. I acknowledge your earlier advice that you do not represent Mr. Loren Hatle at this time.

Pursuant to our earlier discussions on this matter, I agreed to provide further information to your client regarding what TGS believes is an attempt by Mr. Hatle to violate both his contractual agreements regarding confidentiality and his further attempt to wrongfully invade the intellectual property rights owned by TGS.

On September 20, 2012, The Tagos Group, LLC ("Tagos") and TriGenex of Texas, Inc. ("TriGenex") executed an LLC Agreement forming CorrLine International, LLC ("CorrLine"), a Management Services Agreement (whereby Tagos assumed operational control over the company), an Asset Contribution Agreement and Assignment of Intellectual Property (whereby CorrLine International obtained ownership of TriGenex's patents and intellectual property), and a Joint Written Consent of The Managers in Lieu of Organizational Meeting ratifying the various agreements and electing officers. The intellectual property assigned consisted of two patent applications, one utility kit and one utility method, representing the CorrX product and process marketed by CorrLine. Loren Hatle ("Hatle") is identified as a co-inventor on both of those patents. Hatle signed all of these documents as a representative of either TriGenex or CorrLine.


EXHIBIT
D

HATLE_0000509

On July 29, 2013, Hatle signed a confidentiality agreement ("Confidentiality Agreement") with CorrLine (a copy was previously provided to you) that includes the following clauses:

1. The Confidential Information is a valuable, special and unique asset of CorrLine International and Employee's access to and knowledge of the Confidential Information is essential to the performance of his or her duties as an Employee of the Company. In light of the competitive nature of the business and the unique nature of the CorrX materials in which the Company is engaged, Employee agrees that during the term of Employee's employment and thereafter, the Employee shall not (i) disclose any Confidential Information to any person or entity; (ii) use or exploit in any manner the Confidential Information for himself or any person, partnership, association, corporation or other entity other than the Company;(iii) remove any Confidential Information, or any reproduction thereof, from the possession or control of the Company or (iv) treat Confidential Information otherwise than in a confidential manner.

2. All Confidential Information developed, created or maintained by the Employee, alone or with others while employed by CorrLine International, and all Confidential Information maintained by the Employee thereafter, shall remain at all times the exclusive property of the Company. The Employee shall return to the Company all Confidential Information, including but not necessarily limited to: reports, manuals, correspondence, customer lists, computer programs, and all other materials and all copies thereof relating in any way to the Company's business, or in any way obtained by me during the course of employment that are in his possession immediately upon request and in any event upon the completion of his employment by the Company. I further agree that I shall not retain copies, notes or abstracts of the foregoing.

3. In the event Employee's employment with the Company terminates, whether voluntarily or involuntarily, employee agrees to neither directly nor indirectly solicit any of the Company's customers as of the date of the employee's termination, for a period of twelve months after such termination.

The confidential information Hatle possesses was the property of CorrLine and survives Corrline and the term of the Confidentiality Agreement. CorrLine was placed into Bankruptcy in August of 2014. A recitation of the foregoing facts where made part of the contested involuntary bankruptcy case of Corrline, described in *In re: Corrline LLC, 516 B.R. 106 (Bankr. S.D. Tex. 2014)*.

TGS purchased all of the assets of CorrLine out of bankruptcy in October 2014. Included in the assets acquired by TGS from CorrLine pursuant to the Order of Honorable Jeff Bohm, United States Bankruptcy Judge dated October 14, 2014 (the "Sale Order"), were the following:

- Article 2 Purchase and Sale of Assets, Clause 1.a

    the **Intellectual Property** owned by CorrLine, whether or not issued, abandoned or pending, (the "**Purchased Intellectual Property**")

- Intellectual Property as defined in Article 1 Definitions

"*Intellectual Property*" means any and all of the following in any jurisdiction: (a) trademarks and service marks, including trademarks filed by CorrLine for the following : "CorrLine", "CorrLine CorrX", "Making Corrosion History", "Corrosion is the Enemy, Not an Industry", and "Coating Edge Technology" and all filings, applications and registrations and the goodwill connected with the use of and symbolized by the foregoing; (b) copyrights, including all applications and registrations, and works of authorship, whether or not copyrightable; (c) trade secrets and confidential know-how; (d) patents and patent applications, including but not limited to CorrX coatings and procedures as well as the patents in all stages as listed in the following summary prepared by CorrLine counsel Buskop Law Firm, the current status of such patents are further described in <u>Exhibit</u> C attached hereto and incorporated herein by reference:

| File No. | Serial No. | Filing Date | Mark/Title | Application Type | Reg. No. Patent No. | Reg. Date Issue Date | Status |
|---|---|---|---|---|---|---|---|
| 2004-001 | 61/591 028 | January 26, 2012 | TREATMENT FOR PROVIDING IMPROVED ADHESION OF BARRIER COATINGS TO METALS | PROVISIONAL PATENT APPLICATION | | | Expired - See 2004 001A |
| 2004.001A | 13/750,445 | January 25, 2013 | TREATMENT KIT FOR CLEANING SUBSTRATE SURFACES FOR REMOVAL OF WATER AND NON-WATER SOLUBLE OXIDES AND IONIC COMPOUNDS POWDER KIT | UTILITY PATENT APPLICATION | | | Filed Response to 1 Non Final Office Action on February 18, 2014 |
| 2004 002 | 13/359,108 | January 26 2012 | METHOD FOR PROVIDING IMPROVED ADHESION OF BARRIER COATINGS TO METALS | UTILITY PATENT APPLICATION | | | Application Abandoned - See 2004 003 |
| 2004 003 | 14/057 817 | October 18 2013 | METHOD FOR PASSIVATING SUBSTRATE SURFACES | UTILITY PATENT APPLICATION (CONTINUATION IN PART OF 2004 002) | | | First Action Prediction 26 Months |
| 2004 004 | N/A | N/A | POSSIBLE LITIGATION WITH CORRBAN TECHNOLOGIES INC REGARDING CORRX PRODUCT | LITIGATION | | | N/A |
| 2005 005 | | | TREATMENT KIT FOR CLEANING SUBSTRATE SURFACES FOR REMOVAL OF WATER AND NON-WATER SOLUBLE OXIDES AND IONIC COMPOUNDS LIQUID KIT | UTILITY PATENT APPLICATION (DIVISIONAL APPLICATION OF 2004 001A) | | | Received Signed Retention Letter - Waiting on Signed Documents & Approval to File from Client |

- Article 2 Purchase and Sale of Assets, Clause 1.e

all Contracts of Seller used in the Business, including, but not limited to the Seller's rights under non-competition agreements with former officers, employees and their agents;

Notwithstanding the foregoing, in October 2014 Hatle became involved in the formation of an entity known as Bear Metal Technologies ("Bear Metal") that represented that it was developing a product similar to CorrX. It being evident that Hatle was ignoring the rights of TGS in both the assets purchased from the bankruptcy estate as well as the Confidentiality Agreement, on October 27, 2014, as counsel for TGS, I sent a letter to Hatle reminding him of his obligations and limitations in regards to the assets purchased by TGS.

Apparently undeterred, Hatle became involved in the creation of Clean Metal Technologies dba CleanWirx ("Clean Metal"), the entity that I am informed is owned partially by your client, Randy Lebouef. Both Bear Metal and Clean Metal were formed in February 2015 within the twelve month non-compete period agreed by Hatle in the Confidentiality Agreement. Furthermore, both companies appear to be marketing a product and technology that has the same characteristics and uses as the proprietary technology owned by CorrLine and subsequently acquired by TGS in the CorrLine bankruptcy case.

On information and belief, Hatle formed Clean Metal with your client Randy LeBouef and an individual known as Rocky Smith, both are familiar with the technology from prior interactions with CorrLine. If you will review the attached exhibit you will easily recognize the similarities between CorrX as marketed by CorrLine and the products being offered by Clean Metal. It is apparent that these are the same products and much of the copy and marketing material developed by CorrLine has been improperly used by Clean Metal in its promotion.

It is troubling that the bankruptcy court docket indicates that Innovative Surface Prep Rentals, LLC, an entity owned by Mr. LeBouef, was provided a copy of the court order approving and detailing the sale of assets previously described[1]. The information above was readily accessible to Mr. LeBouef prior to forming Clean Metal.

Hatle does not own the intellectual property despite being a co-inventor and has not owned the intellectual property for several years. In 2012, it was owned by TriGenex and then assigned to CorrLine. TGS purchased the intellectual property out of bankruptcy in October of 2014. In addition to the bankruptcy court's findings, Hatle's co-inventor, James Knocke, has acknowledged the foregoing, chosing to stay aligned with the technology he co-invented through legal and appropriate channels, by working with TGS.

PLEASE TAKE NOTICE THAT TGS Solutions, LLC, the current owner of CorrLine's rights under the Sale Order, including the Intellectual Property and Confidentiality Agreement, intends to enforce the contractual duties and its rights to ownership and will hold your clients liable for any breach of the Confidentiality Agreement as well as any interference with the property rights acquired by TGS under the sale transaction directed by the Sale Order. Any such violation or interference will be considered intentional and malicious, which may be enforceable by appropriate Court Order or sanction.

I shall thank you in advance for your attention to this matter.


Very truly yours,

LAW OFFICES OF PETER JOHNSON

/S/Peter Johnson

PETER JOHNSON


Copy:
Nick Doskey
Milton L. Scott

---

[1] On November 18, 2014, Innovative Surface Prep Rentals filed a claim in the CorrLine bankruptcy. The claim was signed by Randy LeBouef as a Member of Innovative Surface Prep Rentals, LLC. The Trustee's service statement indicates that the Sale Order was delivered to Innovative.

HATLE_0000512