IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC<br>    Plaintiff, | ) ) ) ) | |
| vs. | ) ) | Civil Action 4:20-cv-02201 |
| LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,<br>    Defendants. | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |

## DEFENDANT LOREN HATLE MOTION FOR SUMMARY JUDGEMENT ON COUNT VI FOR NO BREACH OF CONTRACT

**COME NOW** Defendant Loren Hatle (the "Defendant"), moves for summary judgment on Count VI of the Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 56 for lack of breach of contract.

Defense counsel discussed the grounds for this motion and the relief requested with Plaintiff's counsel (Ms. Cori Hockman) on at least May 14, 2021. Plaintiff's counsel opposed this motion and the relief requested herein.

### I.    INTRODUCTION

Defendant Hatle is entitled to judgment on Plaintiff's Count VI of its Complaint (D.E. 1) as a matter of law. Count VI is based entirely on breach of contract under Texas law. The contract is an assignment agreement for a single patent application. Defendant Hatle has already assigned the patent application and has no further performance under that contract.

### II.    FACTS

The indisputable material facts to Plaintiff's Count VI are as follows:

1.    Count VI is based on breach of contract under Texas law. *See* D.E. 1 at ¶¶ 92-96.

2. Count VI alleges breach of contract of Plaintiff's assignment agreement between CorrLine International, LLC ("CLI") and Defendant Hatle. *Id.* at ¶ 92. Specifically, Count VI alleges that Defendant Loren Hatle:

   a. "breached his Assignment Agreement (Exhibit D) with [Plaintiff] when he prosecuted to issuance United States Patent No. 10,030,310 and at least one additional patent application" (*Id.* at ¶ 93); and

   b. failed to transfer "the entire right, title, and interest in and to the Inventions and to extensions of the Patents." *Id.*

3. The Assignment Agreement (D.E. 1-4) states that "Loren L. Hatle and James J. Knocke ("ASSIGNORS"), individuals are the owners of the entire right, title, and interest to the United States Patent Application entitled, 'TREATMENT KIT FOR CLEANING SUBSTRATE SURFACES FOR REMOVAL OF WATER AND NON-WATER SOLUBLE OXIDES AND IONIC COMPOUNDS" (the "Assigned Patent"). D.E. 1-4 at ¶ 1.

4. The Assignment Agreement states that Plaintiff, then known as TGS Solutions, LLC, "is desirous of acquiring the entire right, title, and interest in and to the Inventions, which includes all continuations, continuations in part, and divisional applications in the United Stated and foreign countries and the Patents." *Id.* at ¶ 2.

5. The Assignment Agreement further states that assigned rights include "all reissues, divisions, continuations and extensions of the Patents…." *Id.* at ¶ 4.

6. The Assignment Agreement is signed by both Defendant Hatle and Mr. Knocke (the co-inventor) on December 2, 2014. *Id.*

7. The Assigned Patent was a United States Provisional Application No. 61/591,028, that would eventually become United States Patent Application No. 13/750,445, and later United States Patent No. 9,193,943 (the "'943 Patent"). A true and correct copy of the '943 Patent is attached hereto as Ex. A.

8. The '943 Patent is currently **assigned to Plaintiff**. Ex. A. at pg. 1, col 1.

9. On February 5, 2015, Defendant Hatle submitted United States Provisional Application No. 62/112,530 that would eventually become United States Patent No. 10,030,310 (the "'310 Patent"). A true and correct copy of the '310 Patent is attached hereto as Ex. B.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 2 of 5

10. The '310 Patent is entitled, "METHODS FOR REMOVAL OF REACTION SITES ON METAL SURFACES AND APPLICATION OF A NANOTUBE CONTAINING PROTECTING COATING." Ex. B at pg. 1, col. 1.

11. The '310 Patent lists a single inventor as "Loren L. Hatle." *Id*.

12. The '310 Patent lists two provisional applications, Nos. 62/112,530 and 62/179,665. *Id*.

13. The '310 Patent does **not** include Mr. Knocke as an inventor. *Id*.

14. The '310 Patent does **not** relate back to any application of the '943 Patent, which is the Assigned Patent. *Id*.

15. The '310 Patent is **not** titled the same as the '943 Patent. *Id*.

16. The '310 Patent is **not** a continuation, continuation in part, division, reissue, or extension of the '943 Patent. *Id*.

17. On March 29, 2019, Defendant Hatle submitted United States Provisional Application No. 62/826,610 that would eventually become United States Patent No. 11,028,489 (the "'489 Patent"). A true and correct copy of the '310 Patent is attached hereto as Ex. C.

18. The '489 Patent is entitled, "SURFACE TREATMENT COMPOSITION AND METHOD FOR USE" Ex. C at pg. 1, col. 1.

19. The '489 Patent lists a single inventor as "Loren L. Hatle." *Id*.

20. The '489 Patent lists one provisional application, No. 62/826,610. *Id*.

21. The '489 Patent does **not** include Mr. Knocke as an inventor. *Id*.

22. The '489 Patent does **not** relate back to any application of the '943 Patent, which is the Assigned Patent. *Id*.

23. The '489 Patent is **not** titled the same as the '943 Patent. *Id*.

24. The '489 Patent is **not** a continuation, continuation in part, division, reissue, or extension of the '943 Patent. *Id*.

## III. GROUNDS FOR SUMMARY JUDGMENT

### A. Count VI is barred for no breach.

#### 1. Defendant's burden of proof

The defendant bears the burden of establishing the affirmative defense of no breach of contract. This defense has two elements with regard to Plaintiff's Count VI: that the Defendant

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 3 of 5

performed all duties under the contract, and the Defendant breached no other provisions under the contract.

        2.    <u>The undisputed facts show Count VI is barred by Defendant's performance and lack of breach</u>

The Assignment Agreement required the assignment of a single patent application-- the Assigned Patent. The Assigned Patent was unambiguously and clearly identified by its title in the Assignment Agreement. No other patents or patent applications were mentioned or identified in the Assignment Agreement.

The Assigned Patent became the '943 Patent and is currently assigned to Plaintiff. Therefore, the undisputed facts establish that Defendant has materially performed under the Assignment Agreement.

The Assignment Agreement also required that all continuations, continuations in part, divisions, reissues, and extensions of the '943 Patent also be assigned to Plaintiff. The '310 Patent and '489 Patent are unrelated to the '943 Patent, claim no priority to any part of the '943 Patent, do not share the same inventorship with the '943 Patent, have different titles than the '943 Patent, and are not the same inventions as the '943 Patent. Indeed, the '943 Patent is listed as prior art on the face of the '310 and '489 Patents.

The undisputed facts establish that Defendant has fully performed any and all obligations under the Assignment Agreement and has not breached any provision of the Assignment Agreement. Therefore, Defendant is entitled to summary judgment on Count VI as a matter of law.

## IV.   CONCLUSION

Plaintiff's Count VI is barred by Defendant's performance under the contract and lack of breach and is entitled to summary judgment as matter of law.

DATED: June 22, 2021

Respectfully submitted,

By: /s/ Robb Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*
*U.S. District Court, So. Dist. of TX-Houston Division*

Page 4 of 5

Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

***Attorneys for Defendants***
***Loren Hatle, Santiago Hernandez, Timothy***
***Mulville, Bear Metal Technologies, LLC***
***and Corrosion Exchange, LLC***

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on May 14, 2021, I contacted Ms. Cori Hockman, counsel for the Plaintiff, telephonically, to notify the opposing party of the issues asserted in this motion. Ms. Hockman opposed this motion.

/s/ Robb Edmonds
Robb Edmonds

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 5 of 5
*U.S. District Court, So. Dist. of TX-Houston Division*