# **Exhibit 4**

limited circumstances set forth in 5TH CIR. R. 47.5.4.

**\*\*1** Wells Fargo Bank argues that it is entitled to attorneys' fees for the expenses it incurred while filing a proof of claim to correct the amount it was owed as part of the chapter 13 bankruptcy proceeding of its debtor, David Collins. Collins owed approximately $100,000 to the bank under a promissory note dated March 1, 2001. The note was secured by a deed of trust that was executed the same day and gave the bank a lien on the house Collins purchased with the loan. The deed of trust also obligated Collins to "pay when due the principal of, and interest on, the debt evidenced by the Note."

After missing ten monthly payments, Collins filed for chapter 13 bankruptcy protection. The bankruptcy court approved his confirmation plan, including a provision for ongoing mortgage payments to the bank while the bankruptcy case was pending. Consistently with the plan, Collins submitted a proof of claim evidencing the amount he owed the bank under the note. The bank thought Collins had understated the amount owed, however, so, it hired an attorney to prepare its own proof of claim in the correct amount. It submitted an application for the attorneys' fees it incurred to prepare the proof of claim, citing a provision of the deed of trust. The bankruptcy court rejected the fee application, and the district court affirmed. Each of those courts issued a detailed opinion explaining its reasons. *See In re Collins,* No. 07–38246, 2009 WL 1607737, 2009 Bankr.LEXIS 1554 (Bankr.S.D.Tex. June 8, 2009), *aff'd sub nom. Wells Fargo Bank, N.A. v. Collins,* No. H:09–2483, 2010 WL 3303663, 2010 U.S. Dist. LEXIS 85195 (S.D.Tex. Aug. 19, 2010).

Under these limited and specific facts, we affirm for want of reversible error. We express no view on the various holdings and observations of the bankruptcy and district courts. We also observe that this is essentially a matter of contract interpretation and that any unresolved issues can be fixed in subsequent contracts.

The judgment of the district court, affirming the order of the bankruptcy court, is AFFIRMED.

**All Citations**

437 Fed.Appx. 314, 2011 WL 3568910

---

End of Document © 2021 Thomson Reuters. No claim to original U.S. Government Works.