IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC | ) ) | |
|     Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action 4:20-cv-02201 |
| LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
|     Defendants. | ) | |

# **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON COUNTS I, II, III, IV, V, AND VII**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. COUNT I: Lanham Act (15 U.S.C. § 1051 *et seq*.) .............................................. 1

III. COUNT II: DTSA (18 U.S.C. § 1836 et seq.) ....................................................... 2

    A. Plaintiff misstates the standard for summary judgement with respect to trade secrets ................................................................................................................. 3

    B. Plaintiff misunderstands the standards for Statute of Limitations with respect to trade secrets .......................................................................................................... 4

        i. Defendant Loren Hatle ............................................................................. 4

        ii. Defendant Corrosion Exchange ................................................................ 6

        iii. Defendants Bear Metal Technologies and Santiago Hernandez ................ 7

        iv. Defendant Timothy Mulville ..................................................................... 9

IV. COUNT III: TUTSA (Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*) ............ 9

V. COUNT IV: Common Law Misappropriation of Trade Secrets ............................ 11

VI. COUNT V: Breach of Contract (Confidentiality) .................................................. 11

VII. COUNT VII: Common Law Conversion ............................................................... 13

VIII. CONCLUSION ........................................................................................................ 14

# I. TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BP America Prod. Co. v. Marshall*,
    342 S.W.3d 59 (Tex. 2011) ................................................................................................. 10

*Cypress Semiconductor Corp. v. Superior Court*,
    163 Cal. App. 4th 575 (2008) ............................................................................................... 6

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) ............................................................................................................ 1, 2

*Gimme The Best, L.L.C. v. Sungard Vericenter, Inc.*,
    2010 WL 1388993 (S.D. Tex. Apr. 1, 2010) ................................................................. 11, 12

*HECI Exploration Co. v. Neel*,
    982 S.W.2d 881, 886 (Tex.1998) .................................................................................. 10, 13

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (Cal.1988) .................................................................................................... 3

*Moreno v. Sterling Drug, Inc.*,
    787 S.W.2d 348 (Tex.1990) ............................................................................................ 9, 13

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*,
    299 Fed. Appx. 509 (6th Cir. 2008) ...................................................................................... 2

*Pemex Exploracion y Produccion v. BASF Corp.*,
    2013 WL 5514944 (S.D. Tex. Oct. 1, 2013) .................................................................. 9, 13

*Raytheon Co. v. Indigo Sys. Corp.*,
    688 F.3d 1311 (Fed. Cir. 2012) ......................................................................................... 3, 5

*S.V. v. R.V.*,
    933 S.W.2d 1 (Tex.1996) ....................................................................................... 10, 11, 13

*Seatrax, Inc. v. Sonbeck Intern., Inc.*,
    200 F.3d 358 (5th Cir. 2000) .............................................................................................. 10

*Stolle Mach. Co., LLC v. RAM Precision Indus.*,
    605 F. App'x 473 (6th Cir. 2015) ................................................................................ 1, 3, 5

*Sw. Energy Prod. Co. v. Berry-Helfand*,
    491 S.W.3d 699 (Tex. 2016) ................................................................................................. 4

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*,
　　926 F.Supp.2d 935 (S.D. Tex. 2013) ..................................................................................10, 11

*Via Net v. Tig Ins. Co.*,
　　211 S.W.3d 310 (Tex. 2006)......................................................................................................11

*WickFire, LLC v. Woodruff*,
　　No. 17-50340 (5th Cir. 2021) .....................................................................................................2

## I. INTRODUCTION

Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC (the "Defendants"), by and through their undersigned counsel, reply to Plaintiff's Opposition to Defendants' Motions for Summary Judgment (the "Opposition"; D.E. 55). For reasons stated in their motions for summary judgement (D.E. 35, 36 and 38-40) and further explained below, Defendants are entitled to dismissal of Counts I-V and VII as a matter of law.

## II. COUNT I: Lanham Act (15 U.S.C. § 1051 *et seq*.)

Plaintiff argues it has standing under the Lanham Act merely because each Defendant is a competitor  There is more to standing under the Lanham Act. To establish standing under the Lanham Act, a plaintiff must have Article III standing and statutory standing.[1] Plaintiff ignores the key elements of statutory standing and most notably the key requirement that a false or misleading statement must cause confusion as to the origin of the defendant's goods. *Dastar* is the controlling authority on statutory standing under the Lanham Act and tellingly, Plaintiff's Opposition makes no mention of *Dastar* and relies solely on *Lexmark*.

In *Dastar*, the defendant was accused of making a "**false or misleading description of fact**" which was likely to cause confusion as to the "**origin**" of defendant's goods. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003). The Court held that the defendant's mere false statements alone were not sufficient. *Id*. at 33, 35. The Court also held it is irrelevant whether a defendant failed to credit the origin of ideas, authorship, or ownership to the plaintiff. *Id*. The Court further held that the Lanham Act protects "the producer of the **tangible goods** that are offered for sale" and the Lanham Act does not protect "the author of any idea, concept, or communication embodied in those goods." *Id.* at 37 (emphasis added). The 6th Circuit reiterated this distinction: "Taking **tangible goods** and reselling them as your own constitutes a Lanham Act violation; taking the **intellectual property contained in those goods** and incorporating it into your own goods does not." *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 486-87 (6th Cir. 2015) (*quoting Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting,*

---

[1] Dismissals for lack of statutory standing and failure to state a claim are "effectively the same." *See, e.g.*, *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011).

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                     Page 1 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

*Inc.*, 299 Fed. Appx. 509, 511 (6th Cir. 2008) (emphasis added)). Similarly, the 5th Circuit recently held: "One cannot shoehorn what essentially amounts to a putative patent violation or a putative copyright violation into a Lanham Act claim." *WickFire, LLC v. Woodruff*, No. 17-50340 at pgs. 7-8 (5th Cir. 2021).

Plaintiff's Count I seeks to punish Defendants for failing "to credit the origin of ideas, authorship, or ownership to the plaintiff", which the *Dastar* Court has held very clearly—this is irrelevant under the Lanham Act. Specifically, Plaintiff's Count I alleges that all Defendants improperly used test results, images, videos, and published papers that "**falsely attribute**" ideas, creations, and concepts to Defendants' products, rather than Plaintiff's. *See* D.E 55 at 7-8 (emphasis added). Such alleged actions are not violations of the Lanham Act. *Dastar* at 31. Neither Plaintiff nor Defendants are in the business of providing test results, images, videos, or papers and therefore these things are not and cannot be their own tangible goods or services, which is a key requirement for statutory standing under the Lanham Act, as explained in *Dastar*. Plaintiff does not allege in its Original Complaint (D.E. 1) or in its Opposition (D.E. 55) that Defendants sold Plaintiff's products, let alone sold Plaintiff's products under a false designation, which are two key requirements for statutory standing under the Lanham Act.

Indeed, Plaintiff admits that Defendants sell their own "competing product". *See* D.E. 1 at ¶ 33, D.E. 55 at 7. Accordingly, Plaintiff cannot prevail under the Lanham Act because the Defendants themselves are the "origin" of Defendants' own products and did not take any goods from Plaintiff to resell as their own. *Dastar* at 38. Plaintiff simply cannot establish any violation of the Lanham Act and therefore lacks statutory standing, or in the alternative, fails to state a claim under the Lanham Act.[2] For any of these reasons, dismissal of Count I on the basis that Plaintiff lacks standing under the Lanham Act is respectfully requested at this time.[3]

### III. COUNT II: DTSA (18 U.S.C. § 1836 et seq.)

Plaintiff takes great pains to deny Count II is barred by the statute of limitations but only makes reference to the alleged misappropriation of a design or formulation trade secret. D.E. 55 at pg. 14 (emphasis added). Plaintiff's Opposition makes no mention of any other kind of

---

[2] *Supra* note 1.
[3] Plaintiff makes a big deal about laches and undue prejudice; however, this argument is irrelevant because Plaintiff lacks standing under the Lanham Act.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*     Page 2 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

confidential information, let alone statute of limitations related to any non-technical, confidential information that was enumerated in Plaintiff's Original Complaint. D.E. 1 at ¶ 53. It appears, therefore, that Plaintiff concedes all these other categories of previously alleged confidential information are no longer relevant to this lawsuit or are barred by the statute of limitations.

Notwithstanding, Plaintiff's Original Complaint asserts Count II against all Defendants for the exact same reasons. *See* D.E. 1 at ¶¶ 57-64. Consequently, Defendants respond to Plaintiff's Opposition as a collective, applying all arguments in favor of all Defendants.

### A. Plaintiff misstates the standard for summary judgement with respect to trade secrets

Contrary to Plaintiff's Opposition, the *Raytheon* decision does not proclaim a general prohibition against summary judgment based on statute of limitations and the discovery rule exception. On the contrary, the Federal Circuit in *Raytheon* clearly explained, "The question when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact **unless the evidence can support only one reasonable conclusion**." *Raytheon Co. v. Indigo Sys. Corp.,* 688 F.3d 1311, 1316 (Fed. Cir. 2012) (emphasis added) (*citing Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1112 (Cal.1988) (emphasis added)). Here, the indisputable evidence clearly establishes and supports one conclusion—Plaintiff (through its predecessors) suspected that all Defendants misappropriated a trade secret as far back as 2014. Plaintiff's own Complaint is evidence of this. *See* D.E. 1 at pg. 4. Plaintiff's three letters are further evidence of this. *See* D.E. 36-1, 2, and 3.

Plaintiff's reliance on *Stolle* is misleading. In *Stolle*, the plaintiff filed suit for trade secret misappropriation and other violations against both an individual defendant and a corporate defendant. *Stolle* at 478. Summary judgement was awarded to both defendants. The plaintiff was dismissed for being time barred and appealed. *Id.* at 479. Upon review, the 6th Circuit upheld the summary judgment and ruled that plaintiff was time barred as to one of the individual defendants because **"[n]o reasonable jury could find** that Stolle knew of the breach of its relationship with An, and thus reasonably should have discovered An's alleged trade secret misappropriation, any later than December 2003—but Stolle did not file suit until 2010." *Id.* at 483 (emphasis added). Stated another way, if no reasonable jury could find some fact differently than it is, then there is "no genuine dispute as to any material fact" for summary judgment purposes. Fed. R. Civ. P. 56(a).

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
Civil Action No. H-4:20-cv-02201
U.S. District Court, So. Dist. of TX-Houston Division

Page 3 of 14

Therefore, there is no general prohibition against summary judgment concerning knowledge, accrual, and statute of limitations as Plaintiff contends. Instead, the discovery question of whether or not Plaintiff knew or should have known is appropriate for summary judgment, as held in *Stolle*, if no reasonable jury could find differently based on the undisputed facts presented.

### B.  Plaintiff misunderstands the standards for Statute of Limitations with respect to trade secrets

Plaintiff argues that "to establish a plaintiff should have known of its injury, the ***defendant*** must present evidence showing an ***objective basis*** for further inquiry and evidence of what plaintiff would have discovered had it made such inquiry." D.E. 55 at 11-12 (*citing Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 724 (Tex. 2016)). Plaintiff then argues that Defendants have failed to show: (a) Plaintiff had a basis for further inquiry, (b) Plaintiff could have discovered an injury with further inquiry, and (c) Plaintiff had knowledge when it sent its three letters.

Contrary to the Plaintiff's Complaint, Plaintiff's Opposition now argues each named defendant separately and argues its knowledge and accrual pertaining to one cannot be imputed to any of the others, even though the Complaint lumps them all together in Count II. Regardless, dismissal of Count II on summary judgement is proper whether the defendants are treated individually or collectively. To simplify, each Defendant responds individually to Plaintiff's arguments as follows:

#### i.  Defendant Loren Hatle

Plaintiff's Opposition downplays Plaintiff's letters (three separate letters) as "nothing more than 'mere surmise, suspicion, and accusation.'" *Id.* at 13 (*citing Sw. Energy Prod.* at 724). Plaintiff's letters, however, are anything but and the third letter is direct on point. The third letter (D.E. 36-3) clearly and unequivocally stated that "the confidential information Hatle **possesses** was the property of CorrLine", Plaintiff "purchased all the assets of CorrLine out of bankruptcy", and it was "**evident that Hatle was ignoring the rights**" of Plaintiff. D.E. 36-3 at pg. 2-3 (emphasis added). This same letter also flatly states: "If you review the attached exhibit … It **is apparent** that [Plaintiff's products and Clean Metal's products] **are the same products** and much of the copy and marketing material developed by CorrLine **has been improperly used** by Clean Metal in its promotion." *Id*. at pg. 4 (emphasis added). Contrary to the facts in *Sw. Energy Prod.*, these are not statements of vague surmise, suspicion, or accusation, but rather definitive allegations and assertions of wrongdoing based on "information and belief" backed by Plaintiff's own inquiry.

Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.
Civil Action No. H-4:20-cv-02201                                                                                      Page 4 of 14
U.S. District Court, So. Dist. of TX-Houston Division

Even if Plaintiff lacked knowledge at the time, Plaintiff had an explicit reason to inquire further. In Plaintiff's third letter, Plaintiff clearly stated, "Both Bear Metal and Clean Metal were formed in February 2015 **within the twelve month non-compete period agreed by Hatle in the Confidentiality Agreement**." D.E. 36-3 at pg. 3 (emphasis added).[4] Plaintiff had reason to keep track of Defendant Hatle's future business endeavors because of the Confidentiality Agreement, and did so as evident by its letters.

Plaintiff's Opposition further states that because "Clean Metal stopped marketing and selling because of the letters" it precluded "any advance beyond suspicion into knowledge" and relies on *Raytheon* and *Stolle* to support their legal theory. D.E. 55 at 13. However, the indisputable facts here are not remotely the same as *Raytheon*. In *Raytheon*, the parties had a written agreement. Plaintiff had no written agreement with any of the Defendants and therefore cannot now argue they had no further obligation to inquire and could bury their head in the sand. This is contrary to entire meaning and purpose of a statute of limitations. This is also contrary the holding in *Stolle*. In *Stolle*, the plaintiff had no agreement, like the Plaintiff here, and the Court found that the plaintiff Stolle had a continuing duty to inquire. *Stolle* at 483. Likewise, Plaintiff had a continuing duty to inquire and most likely did continue to inquire and found no evidence of any wrongdoing.

Nevertheless, Plaintiff argues that it could not have learned of any injuries even had it inquired because Defendants had not sold any products and relies on *Raytheon* to support this legal theory. D.E. 55 at 14. Plaintiff argues, in effect, that *Raytheon* is a generic prohibition for filing a lawsuit for misappropriation of trade secrets until after a product is sold.[5] Such assertion could not be further from the truth. In *Raytheon*, the Federal Circuit noted that disassembly and inspection of defendant's product was the ***only path*** for that plaintiff to discover facts giving rise to its cause of action. *See Raytheon* at 1317. The products in *Raytheon* involved state-of-the-art infrared cameras, in which the complexities and lack of public documentation denied anyone,

---

[4] The Confidentiality Agreement signed by Defendant Hatle contained two non-compete clauses (D.E. 1-1 at ¶¶ 6-7) and provided that: "The [Plaintiff] may notify any future or prospective employer representative or third party of the existence of this agreement, **and shall be entitled to full unjunctive [sic] relief for any breach**." *Id*. at ¶ 8.

[5] Plaintiff's argument here is contradictory to its argument of Bear Metals, Hernandez and Mulville's marketing video. *See*, D.E. 55 at pg. 4. At no point does Plaintiff's Complaint or Opposition allege that these three Defendants sold or attempted to sell products or that any products were available for inspection when this promotional video was released but Plaintiff brought suit against them anyway for misappropriation of alleged trade secrets, contrary to Plaintiff's *Raytheon* argument with respect to Defendant.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 5 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

including the plaintiff, the ability to inquire about potential patent infringements or trade secret misappropriations until the camera itself could be disassembled and inspected. *Id*. In stark contrast to the *Raytheon* product, both Plaintiff's products and Defendants' products are chemical mixtures for corrosion mitigation and are fully described in published patent applications, patents and other publicly available literature. Plaintiff could have obtained and inspected Defendants' products any time it wanted to, just like it did prior to filing lawsuit when it had Defendants' CleanWirks 207® composition analyzed and reverse engineered. *See*, Ex. 1 and 2. Plaintiff had no reason to wait until a product was sold to make any further inquiries.

Therefore, there is no genuine issue of material fact that Plaintiff was aware or should have been aware of any misappropriation of an alleged trade secret by Defendant Hatle. Dismissal of Count II as it relates to Defendant Hatle is proper and respectfully requested.

### ii. Defendant Corrosion Exchange

Plaintiff argues that the letters are insufficient to implicate knowledge or a reason to inquire into Defendant Corrosion Exchange because "[Corrosion Exchange] did not even exist until December 27, 2017." D.E. 55 at pg. 16. Plaintiff knows that Corrosion Exchange is a corporate entity that was started, owned, and operated by Defendant Hatle. *See* D.E. 1 at ¶¶ 2 and 30. Plaintiff also knows that any alleged confidential information or alleged trade secret information could only flow through a human being, *i.e.* Defendant Hatle. *Id*. at ¶ 30. Defendant Corrosion Exchange is a corporate defendant, incapable of independent action or thought aside from that of its members.

Plaintiff relies upon a California Court of Appeals decision which analyzed the California Uniform Trade Secrets Act and the extent of claims under the same. *See Cypress Semiconductor Corp. v. Superior Court*, 163 Cal. App. 4th 575, 582-85 (2008). However, the court in *Cypress* focused on **third parties** who had no relationship with the alleged original owner of trade secrets. *Id*. The court in *Cypress* eagerly wished to avoid "the absurd consequence of allowing a **third-party defendant** like Cypress to engage in its own misappropriation without risk of suit so long as it waited for the three years to run on the original misdeed." *Id*. at 585. Defendants Hatle and Corrosion Exchange are distinguishable from the defendants in *Cypress* in that without Hatle, there would be no Corrosion Exchange, and anyone doing business with Corrosion Exchange, does so with Hatle. In other words, any alleged misappropriation by Defendant Corrosion Exchange would be a continuation of the same alleged misappropriation by Defendant Hatle, which sets the date of

alleged injury at the very beginning with Hatle. *See* 18 U.S.C. § 1836(d), Tex. Civ. Prac. & Rem. Code § 16.010(b).

Plaintiff desires the absurd result of still being able to reach Defendant Hatle through his corporation even if Plaintiff cannot reach Hatle himself for the very same act of misappropriation. Indeed, the result of Plaintiff's argument would allow Defendant Hatle to steer clear of future litigation for use of alleged trade secrets provided he never form a new corporation, but somehow immediately incur a fresh claim of misappropriation if he does at any time in the future, no matter how remote. This is an illogical conclusion.

Defendant Corrosion Exchange should be treated exactly the same as Defendant Hatle. There is no genuine issue of material fact that Plaintiff was aware or should have been aware of any misappropriation of an alleged trade secret by Defendant Corrosion Exchange through the continued actions of Defendant Hatle. Dismissal of Count II as it relates to Defendant Corrosion Exchange is proper and respectfully requested.

      iii.     **Defendants Bear Metal Technologies and Santiago Hernandez**

Plaintiff argues that the letters are insufficient to implicate knowledge or a reason to inquire into Defendants Bear Metal Technologies and Santiago Hernandez for the same flawed reasoning applied to Defendant Hatle. In addition to those same arguments, Plaintiff's Opposition also states that the third letter "references Bear Metal … only in passing." D.E. 55 at 16. Plaintiff further states that "[Plaintiff] only referenced Bear Metal in the October 2015 letter because [Plaintiff] **incorrectly believed that Hatle was involved in the formation of Bear Metal**." *Id* at 17 (emphasis added). Plaintiff admits to learning about this incorrect belief as a result of Defendant Santiago's deposition on June 2, 2021. *Id*. Plaintiff concludes that Plaintiff's own mistaken beliefs "cannot be a basis for a limitations defense as to Bear Metal." *Id*. Tellingly, Plaintiff provides no statute or legal precedence to support for its nonsensical conclusion.

Nevertheless, Plaintiff wants this Court to believe that information it learned in a deposition five years after its letter alters Plaintiff's actual knowledge of the past. Plaintiff admits to believing Defendant Hatle was materially involved with Defendants Bear Metal Technologies and Hernandez. D.E. 55 at 17, *see also* D.E. 36-3 at pg. 3. Indeed, Plaintiff's Original Complaint accuses Defendants Bear Metal Technologies and Hernandez of the exact same alleged acts as Defendant Hatle for Counts I-IV. D.E. 1 at ¶¶ 44-84. Defendant Hernandez shares additional

accusations with Defendant Hatle under the exact same arguments for Counts V and VII. *Id* at ¶¶ 85-91, 97-103.

Plaintiff now tries to reverse the flow of time and **use a future revelation to undo a past** assumption and set of claims. The undisputed facts remain: Plaintiff knew, or had reason to know, that Defendant Bear Metal Technologies "represented that it was developing a product similar to CorrX" (D.E. 36-3 at pg. 3); that Bear Metal was formed "within the twelve month non-compete period agreed by Hatle in the Confidentiality Agreement (D.E. 36-3 at pg. 3);Defendant Hernandez signed the same Confidentiality Agreement (D.E. 1-2) as Defendant Hatle, and Plaintiff admitted that it believed Santiago was "affiliated" with Defendants Hatle and Bear Metal Technology (D.E. 55 at pg. 18). Therefore, Plaintiff had equal reason to inquire further into Defendant Bear Metal Technology through Hatle's Confidentiality Agreement as it did through Hernandez' Confidentiality Agreement.

Furthermore, Plaintiff argues that further inquiry would have "produced no evidence" based exclusively upon an archived version of Defendant Bear Metal Technology's website from August 5, 2019. *See* D.E. 55 at pg. 18. Plaintiff argues that because the website only shows advertised services that have nothing to do with corrosion prevention technology, Plaintiff could not have possibly found any information relevant to a cause of action. *Id*. However, this directly contradicts Plaintiff's accusations and claims in the third letter where Plaintiff plainly states that Bear Metal Technologies "represented that it was developing a product similar to CorrX." D.E. 36-3 at pg. 3. It makes no sense that Plaintiff would have sought out any information pertaining to Bear Metal Technologies in 2015 while under the impression that Bear Metal Technologies was only in the business of offering carpentry, electrical, and plumbing services in 2019. The marketing video excuse mentioned by Plaintiff is equally dubious. D.E. 55 at pg. 4. Indeed, a simple inquiry any time between October 12, 2015 (the date of the third letter) and June 23, 2020 (the date of the Original Complaint) would have at least revealed that despite marketing and selling a competing product, Defendants Bear Metal Technology and Hernandez were not involved in any way with Defendant Hatle. Plaintiff is not spared the statute of limitations for sleeping on its rights nor can Plaintiff reverse time or rely on a "mistake" to avoid the same.

It is indisputable that Plaintiff had both actual knowledge of an alleged injury relating to its confidential and trade secret information or at the very least should have and could have known with the exercise of reasonable diligence. Therefore, there is no genuine issue of material fact that

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                                          Page 8 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

Plaintiff was aware or should have been aware of any misappropriation of an alleged trade secret by Defendants Bear Metal and Santiago Hernandez. Dismissal of Count II as it relates to Defendants Bear Metal and Santiago Hernandez is proper and respectfully requested.

### iv. Defendant Timothy Mulville

Plaintiff argues that the letters are insufficient to implicate knowledge or a reason to inquire into Defendant Mulville because "none of the letters make any reference to Mulville." D.E. 55 at pg. 18. However, the same reasons that Plaintiff had knowledge of Defendants Bear Metal Technology and Hernandez applies to Defendant Mulville as well. Plaintiff's Original Complaint is indisputable evidence. Plaintiff's Complaint, states "Upon information and belief, [Mulville] also conducts business in this District through his company Bear Metal Technologies, LLC." D.E. 1 at ¶ 4. At no point in Plaintiff's Original Complaint are any specific acts by Defendant Mulville ever discussed aside from his signing a Confidentiality Agreement and resigning from CorrLine. *Id* at ¶¶ 19, 23. Rather Defendant Mulville is lumped in with all other Defendants due to his presumed work through Bear Metal Technologies. It is through this exclusive connection that Plaintiff accuses Defendant Mulville of the same alleged misdeeds as the other Defendants in Counts I-V, and VII. *See* D.E. 1 at ¶¶ 44-91, 97-103. Plaintiff offers no independent reason to implicate Defendant Mulville and thus ties his alleged wrongful acts to those of Defendants Bear Metal Technologies and Hernandez. For these reasons, Plaintiff's third letter need not mention Defendant Mulville by name because it explicitly named Bear Metal Technologies, a company Plaintiff long associated with Defendant Mulville. *See* D.E. 36-3 at pg. 3.

Therefore, there is no genuine issue of material fact that Plaintiff was aware or should have been aware of any misappropriation of an alleged trade secret by Defendant Timothy Mulville. Dismissal of Count II as it relates to Defendant Timothy Mulville is proper and respectfully requested.

### IV. COUNT III: TUTSA (Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*)

Plaintiff's Original Complaint asserts Count III against all Defendants for the exact same reasons. *See* D.E. 1 at ¶¶ 74-76, 79-80 (Defendants are collectively lumped together sharing equal measure in all alleged misdeeds). Consequently, Defendants respond to Plaintiff's Opposition as a collective, applying all arguments in favor of all Defendants.

Plaintiff ignores or misunderstands the standards for Texas' discovery rule exception.

Contrary to Plaintiff's arguments, the "traditional rule in Texas is that a cause of action accrues and the limitations period begins to run as soon as the owner suffers some injury, **regardless of when the injury becomes discoverable**." *Pemex Exploracion y Produccion v. BASF Corp.*, 2013 WL 5514944, at *11 (S.D. Tex. Oct. 1, 2013) (*citing Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990)) (emphasis added). "[U]nder Texas law a cause of action accrues when a wrongful act causes a legal injury **even if the injury is not discovered until later and even if all the resulting damages have not yet occurred**." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F.Supp.2d 935, 948-49 (S.D. Tex. 2013) (*citing Seatrax, Inc. v. Sonbeck Intern., Inc.*, 200 F.3d 358, 365 (5th Cir. 2000)). The Court in *Pemex* lays out two exceptions: fraudulent concealment and the discovery rule. *Pemex* at *12.

Plaintiff relies on this discovery rule exception to avoid dismissal under the applicable statute of limitations. Plaintiff states that "Defendants have not and cannot establish that CPT knew or should have known of the facts giving rise to its claims." *Id*. However, Plaintiff's misstates the law in Texas. Under Texas law, the discovery rule only defers the running of limitations if the nature of the injury is inherently undiscoverable. *Id.* at *13 (*citing S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex.1996)). "The discovery rule is applied to **categories of cases** where the nature of the injury is inherently undiscoverable, not to particular cases." *Id*. (*citing HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex.1998)) (emphasis added). Per the court in *Ultraflow*, "misappropriation of trade secrets **is not a cause of action that is inherently undiscoverable**, permitting application of the discovery rule exception in these cases would do no more than permit the litigation of stale claims." *Ultraflow* at 949 (*citing BP America Prod. Co. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011) (emphasis added)).

Therefore, under Texas law, it is irrelevant what the Defendants can and cannot establish contrary to the Plaintiff's arguments. Texas law is clear—claims of trade secret misappropriation are not subject to the discovery rule and claims of trade secret misappropriation accrue "when a wrongful act causes a legal injury." *Id.* at 948-49. As admitted by Plaintiff itself, the alleged misappropriation began no later than "late 2014" with the formation of Bear Metal Technology, a fact discovered and known by Plaintiff no later than August 26, 2015. D.E. 55 at pg. 4, *see also* D.E. 1 at ¶ 26, D.E. 36-2 at pgs. 7-9.

Plaintiff, therefore, had actual knowledge of its alleged injuries. Nevertheless, the discovery rule does not save the Plaintiff. Plaintiff should have known of its injuries because

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 10 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

**misappropriation of trade secrets is not a cause of action that is inherently undiscoverable.** *Ultraflow* at 949.

Accordingly, all of Plaintiff's misappropriation claims against all Defendants are time barred. Plaintiff cannot be saved by a discovery rule exception. Dismissal of Count IV is proper and respectfully requested.

### V. COUNT IV: Common Law Misappropriation of Trade Secrets

Plaintiff's Original Complaint asserts Count IV against all Defendants for the exact same reasons. *See* D.E. 1 at ¶¶ 83-84 (Defendants are collectively lumped together sharing equal measure in all alleged misdeeds). Consequently, Defendants respond to Plaintiff's Opposition as a collective, applying all arguments in favor of all Defendants.

Plaintiff's Opposition relies on the same discovery rule exceptions discussed previously to avoid summary judgement of its Count IV. For the same reasons explained above, all of Plaintiff's alleged misappropriation claims against all Defendants are time barred. Plaintiff had actual knowledge of its alleged injuries, or at the very least should have known of its injuries because **misappropriation of trade secrets is not a cause of action that is inherently undiscoverable.** *Ultraflow* at 949.

Because Plaintiff cannot be saved by the Texas discovery rule exception, dismissal of Count IV is proper and respectfully requested.

### VI. COUNT V: Breach of Contract (Confidentiality)

Plaintiff's Original Complaint asserts Count V against all Individual Defendants for the exact same reasons. *See* D.E. 1 at ¶¶ 86, 89-91 (Individual Defendants are collectively lumped together sharing equal measure in all alleged misdeeds). Consequently, Individual Defendants respond to Plaintiff's Opposition as a collective, applying all arguments in favor of all Individual Defendants. No Corporate Defendants are involved with Count V. *See* D.E. 1 at ¶ 85.

Plaintiff's Opposition again misapplies the Texas' discovery rule to avoid summary judgement of Count V (breach of contract under Texas law). *See* D.E. 55 at pg. 2. Like trade secret misappropriation under Texas law, breach of contract claims based on confidentiality do not benefit from the discovery rule exception. *See Via Net v. Tig Ins. Co.*, 211 S.W.3d 310, 315 (Tex. 2006) ("Some contract breaches may be inherently undiscoverable and objectively verifiable. But those cases should be rare, as diligent contracting parties should generally discover any breach

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
Civil Action No. H-4:20-cv-02201 Page 11 of 14
U.S. District Court, So. Dist. of TX-Houston Division

during the relatively long four-year limitations period provided for such claims."), *see also S.V. v. R.V.,* at 6 (discussing inherently undiscoverable nature of undetectable medical malpractice, latent construction defects, false credit report, and corporate self-dealing).

Notwithstanding, Plaintiff's Opposition further argues that each alleged breach of contract by each Defendant is independent and separate, each having "its own accrual date." D.E. 55 at pg. 19. Plaintiff relies on *Gimme The Best, L.L.C. v. Sungard Vericenter, Inc.*, 2010 WL 1388993, at *6 (S.D. Tex. Apr. 1, 2010)) to support its argument. However, *Gimme The Best* is distinguishable from the indisputable facts in this lawsuit. In *Gimme The Best*, the contract in question was a master services agreement for ongoing "network based services". The defendant there was accused of breaching the agreement in two distinct events. *Gimme The Best* at *1. The initial breach was noticed and cured within a 30-day window, in accordance with the contract, and the second, later breach had **new** problems and facts rather than repeats of the first breach. *Id*. The two breaches were distinct and separate from one another in time and severity, rather than a continuation of problems arising out of the first breach. *Id*. at *7. It is upon these two, distinct events that the court in *Gimme The Best* relied on when separating the events into independent breaches. *Id*. at *6.

In stark contrast to the facts of *Gimme The Best*, Plaintiff's Complaint alleges that "Individual Defendants' **continued improper possession and use** of [Plaintiff]'s confidential information demonstrates that they have no intention of complying with the law, and upon information and belief, Bear Metal Technologies and Corrosion Exchange **will continue to facilitate the knowing theft and misuse** of [Plaintiff]'s misappropriated trade secrets and confidential information." D.E. 1 at ¶ 59 (emphasis added). Indeed, Plaintiff's Complaint alleges the same, continuous breach. These alleged events are not separate and distinct, but rather a continuation of the same alleged actions, hence the language "continued improper possession and use." Plaintiff's Complaint never once mentions more than one improper use of Plaintiff's alleged "misappropriated trade secrets and confidential information." Therefore, the holding in *Gimme The Best* does not apply here and cannot be used to avoid the fact that Plaintiff had actual knowledge of these continuous wrongdoings as early as "late 2014" with the formation of Bear Metal Technology, a fact discovered and known by Plaintiff no later than August 26, 2015. D.E. 55 at pg. 4, *see also* D.E. 1 at ¶ 26, D.E. 36-2 at pgs. 7-9.

Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.
Civil Action No. H-4:20-cv-02201                                                                                                          Page 12 of 14
U.S. District Court, So. Dist. of TX-Houston Division

## VII. COUNT VII: Common Law Conversion

Plaintiff's Original Complaint asserts Count VII against all Individual Defendants for the exact same reasons. *See* D.E. 1 at ¶¶ 99-103 (Individual Defendants are collectively lumped together sharing equal measure in all alleged misdeeds). Consequently, Individual Defendants respond to Plaintiff's Opposition as a collective, applying all arguments in favor of all Individual Defendants. No Corporate Defendants are involved with Count V. *See* D.E. 1 at ¶ 97.

Plaintiff's Opposition misunderstands the standards for Texas' discovery rule. Plaintiff's Opposition argues that its conversion claims "did not accrue until [Plaintiff] knew or should have known of the unlawful taking." *Id.* at 20 (*citing Pemex* at *32 (S.D. Tex. Oct. 1, 2013)). Plaintiff relies upon the same arguments as it did previously involving knowledge and concludes that Plaintiff could not have known until the promotional video was posted in regards to Defendants Hernandez and Mulville. Plaintiff offers no date regarding Defendant Hatle.

Plaintiff's Opposition misunderstands the standards for Texas' discovery rule. In *Pemex*, "[t]he traditional rule in Texas is that a cause of action accrues and the limitations period begins to run as soon as the owner suffers some injury, **regardless of when the injury becomes discoverable**." *Id*. at *11 (*citing Moreno* at 351 (Tex.1990)) (emphasis added). Continuing, *Pemex* states: "Texas jurisprudence, however, creates two limited exceptions to the legal injury test described in *Atkins* and *Kennedy*: fraudulent concealment and the discovery rule." *Id*. at *12. Under Texas law, the discovery rule only defers the running of limitations if the nature of the injury is inherently undiscoverable. *Id.* at *13 (*citing S.V*. at 6 (Tex.1996)). "The discovery rule is applied to **categories of cases** where the nature of the injury is inherently undiscoverable, not to particular cases." *Id*. (*citing HECI* at 886 (Tex.1998)) (emphasis added). Like trade secret misappropriation under Texas law, conversion claims are not inherently undiscoverable. *See id.* at *63. Therefore, the discovery rule cannot apply to Plaintiff's conversion claims against any Defendant. Furthermore, because all three Defendants signed Confidentiality Agreements that mandated the return of all confidential information upon their resignation (D.E. 1-1, 1-2, and 1-3), any claim of conversion began on that date. *Pemex* at *11. All Defendants resigned no later than September 2014. *See* D.E. 1 at ¶ 23. Therefore, all of Plaintiff's conversion claims are time barred regarding all Defendants.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*  Page 13 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*

## VIII. CONCLUSION

Plaintiff's Opposition is a creative attempt to create issues of fact for a jury to avoid summary judgment by confusing the record, misconstruing case law, and occupying contradictory and self-defeating positions. Plaintiff brings no valid argument against dismissal of its Lanham Act claims for lack of statutory standing. Further, Plaintiff all but admits it had knowledge of all Defendants' relevant activities over the past six years, barring the Plaintiff through statute of limitations. Therefore, summary judgment dismissing Counts I-V and VII is proper and should be granted in favor of all Defendants.

DATED: July 19, 2021

Respectfully submitted,

By: /s/ Robb Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com
Michael Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

*Attorneys for Defendants*
*Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* Page 14 of 14
*U.S. District Court, So. Dist. of TX-Houston Division*