IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC<br>    Plaintiff, | )<br>)<br>)<br>) | |
| vs. | ) | Civil Action 4:20-cv-02201 |
| | ) | |
| LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |

### DEFENDANT HATLE'S REPLY TO PLAINTIFF'S OPPOSITION TO HATLE'S MOTION FOR SUMMARY JUDGMENT ON COUNT VI

Defendant Loren Hatle, by and through his undersigned counsel, reply to Plaintiff's Opposition to Hatle's Motion for Summary Judgment on Count VI (the "Opposition"; D.E. 57). For reasons stated in his motion for summary judgement (D.E. 43) and further explained below, Hatle is entitled to dismissal of Count VI as a matter of law since there is no genuine issue of material fact that any and all assignment obligations to Plaintiff and its predecessors have already been satisfied by Hatle.

## I. INTRODUCTION

The Hatle assignment agreement (D.E. 1-4, hereafter "the Assignment Agreement") has been performed. The Assignment Agreement, at best, required Hatle to assign his rights to the one patent application titled, "TREATMENT KIT FOR CLEANING SUBSTRATE SURFACE FOR REMOVAL OF WATER AND NON-WATER SOLUBLE OXIDES AND IONIC COMPOUNDS" (the "028 Application"), which he has already done and his obligations under that Assignment Agreement have been performed, in full. The performance of this has not been disputed by Plaintiff.

Contrary to Plaintiff's position, the Assignment Agreement has no continuing obligations. Plaintiff has offered several twisted legal theories to create further obligation of performance by Hatle, but none of these legal theories raise issues of fact, let alone material facts, sufficient to survive dismissal by summary judgement.

Contrary to Plaintiff's urging, the Assignment Agreement does not impute an ongoing duty to assign all future inventions originated by Hatle for the rest of his life in the field of corrosion mitigation. Furthermore, Hatle's later filed patent application/patents did not meet the USPTO requirements to be filed be as continuations in part ("CIPs")—a CIP at the time of filing was not even an option, so Plaintiff's legal theory on that basis is without merit. And it has been recently discovered that Plaintiff has assigned all rights it had in the Assignment Agreement to another, separate entity, so Plaintiff no longer has standing to pursue its Count VI cause of action, and these issues are moot.

Therefore, for any of these reasons, dismissal of Count VI is proper at this time.

## II. The Assignment Agreement does not cover Hatle's later Patent Filings

Plaintiff argues that Hatle "did not abide by his assignment agreement" because Hatle was obligated to assign his later discovered and later filed patents applications and resulting patents to Plaintiff. D.E. 57 at pg. 8 (*quoting* D.E. 1-4). Plaintiff supports its legal theory based on the *MHL-TEK* Federal Circuit decision. *See generally MHL TEK, LLC v. Nissan Mo.*, 655 F.3d 1266 (Fed. Cir. 2011).

In *MHL-TEK*, the assignment, read: "the entire right, title and interest, domestic and foreign, in and to the inventions and discoveries **in [the Parent Application]**." *Id.* at 1275 (emphasis added). The Court in *MHL-TEK* held that this assignment language requires the transfer of all "inventions and discoveries" that are *"set forth in"* the Parent Application. *Id*. (emphasis added). The Court looked at whether the specification of the Parent Application supported the claims of the later filed ('516) patent. *Id*. at 1276. The Court then looked at every limitation of every base claim of the later filed patent and compared those to the disclosure of the Parent Application. *Id*. at 1276-78. The court concluded there that every claim limitations was sufficiently disclosed in the Parent Application. *Id*. at 1278. A similar analysis with Hatle's claims proves the opposite—there is no support in the '028 Application for Hatle's later claims.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* *Page 2 of 8*
*U.S. District Court, So. Dist. of TX-Houston Division*

Indeed, a comparison of Hatle's later patent claims are not supported in the '028 Application and therefore, do not meet the requirements of the Assignment Agreement. Any analysis of claim language and the scope of the claims is a matter of law and is not a fact issue for a jury. *See generally Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). A proper analysis of Hatle's claims proves that his claims in U.S. Patent No. 10,030,310 (the "'310 Patent") and U.S. Patent No. 11,028,489 (the "'489 Patent") are not described or otherwise covered in the '028 Application that was previously assigned to Plaintiff.

In both the '310 Patent and the '489 Patent, the '028 Application was prior art and cited to the USPTO and considered by the Examiner. Nevertheless, the Examiner allowed the '310 Patent and the '489 Patent (*i.e.* those claims were novel and nonobvious) over the entire disclosure of the '028 Application. If Hatle's claims were sufficiently described, whether inherently or explicitly, in the '028 Application, as suggested by the Plaintiff, the Examiner would have rejected his claims based on lacking novelty under 35 USC § 102 and his patents would never have issued. Indeed, the USPTO patent examiner was fully aware of the '028 Application and its entire disclosure at the time the '310 and '489 Patents were examined and the Examiner found Hatle's claims to be allowable in view of the '028 Application.

Tellingly, Plaintiff's Opposition does not provide any claim element analysis required by *MHL TEK* in view of its '028 Application. Accordingly, the following provides the proper analysis of Hatle's claims and shows that all claims of the '310 Patent and the '489 Patent are indeed novel and nonobviousness in view of the '028 Application, meaning Hatle's claims are not disclosed in the '028 Application and there was no obligation to assign these patents to the Plaintiff. See the independent/base claims of the '310 Patent and the '489 Patent claims below identifying in bold the claim elements not disclosed or described in the '028 Application. An analysis of Hatle's dependent claims are not necessary because all dependent claims include all the elements of its respective independent claims and are novel and nonobvious for the same reasons, meaning they are also not disclosed in '028 Application.

| '310 INDEPENDENT CLAIMS | COMPARISON TO ASSIGNED '028 |
|---|---|
| **1.** A **method** of decontaminating a substrate surface to remove contaminants and preparing the decontaminated substrate surface for applying a protective coating on the substrate surface | The '028 makes no mention of a method of decontamination. It merely discloses a kit. |

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
Civil Action No. H-4:20-cv-02201
U.S. District Court, So. Dist. of TX-Houston Division

Page 3 of 8

| | |
|---|---|
| comprising **the steps of**: | The '028 makes no mention of method steps. |
| **1.a**. applying to the substrate surface a first composition having a pH of 4 or less comprising citric acid anhydrous having an **average mesh size of at least 1180 microns** and sodium persulfate having an **average mesh size of at least 1180 microns**; | The '028 makes no mention of this "first application" step.<br><br>The '028 makes no mention of a mesh size, much less a mess size of at least 1180 microns. |
| **1.b.** allowing the first composition to remain on the substrate surface for a predetermined period of time; and | The '028 makes no mention of this "hold" step. |
| **1.c. rinsing** the first composition from the substrate surface with a second composition having a pH of 8 or more comprising an alkaline material liquid mixture formed **utilizing activated carbon filtered potable water** to achieve a neutral pH condition on the surface. | The '028 makes no mention of this "rinse" step.<br><br>The '028 makes no mention of **activated carbon filtered potable water** |

| **'489 INDEPENDENT CLAIMS** | **COMPARISON TO ASSIGNED '028** |
|---|---|
| **1.** An **alkaline composition** for removing contaminants from a metallic surface, **consisting of:**<br>    at least one bifunctional alkaline compound that comprises a tertiary amine and a hydroxyl group;<br>    at least one oxidizer derived from a metal salt;<br>    up to 1 wt % of a surfactant; and<br>    **water comprising less than 100 ppm chlorine**,<br>    **wherein the composition has a pH of about 9 to about 11.5** and all weight percentages are based on the total weight of the composition. | The '028 makes no mention of an **alkaline composition**. The '028 is the opposite— it is acidic and requires citric acid.<br><br>NOTE: the "consisting of" language of claim 1 is a term of art in patent claims and "creates a very strong presumption that that claim element is 'closed' and therefore 'exclude[s] any elements, steps, or ingredients not specified in the claim. The '028 Application requires citric acid and provides no description or disclosure that says or suggests a composition that excludes citric acid.<br><br>The '028 fails to disclose or describe **at least one oxidizer derived from a metal salt**<br><br>The '028 fails to disclose or describe **water comprising less than 100 ppm chlorine**<br><br>The '028 fails to disclose or describe a composition **consisting of the unique combination of:** (1) at least one bifunctional alkaline compound that comprises a tertiary amine and a hydroxyl group; AND (2) at least one oxidizer derived from a metal salt; AND (3) up to 1 wt % of a surfactant; AND (4) water comprising less than 100 ppm chlorine, having **a pH of about 9 to about 11.5.** |

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*  *Page 4 of 8*
*U.S. District Court, So. Dist. of TX-Houston Division*

|  | In short, the '028 requires citric acid and because of the presence of the citric acid, the composition disclosed in the '028 can never have a pH of 9-11.5. |
|---|---|

As shown above, a proper claim analysis of the later filed patents proves these patents are not within the scope of the Assignment Agreement because the claimed subject matter is nowhere disclosed, described or otherwise covered in the '028 Application.

Accordingly, dismissal of Count VI as it relates to Hatle's '310 and '489 Patents is proper on summary judgment.

### III. Hatle's later Patents cannot qualify as Continuations-In-Part

Plaintiff's Opposition offers an alternative and contradicting argument as to why Hatle's later patents and patent applications should be assigned—Plaintiff argues that Hatle's later patents and patent applications are all continuations-in-part. Plaintiff supports this contention by citing a definition offered by the Federal Circuit: "A CIP application contains subject matter from a prior application and may also contain additional matter not disclosed in the prior application." *Augustine Med., Inc. v. Gaymar Indus., Inc.*, 181 F.3d 1291, 1302 (Fed. Cir. 1999).

Plaintiff offers this alternative and contradicting argument because it knows the '028 Application does not disclose, describe or otherwise cover every claim element of Hatle's '310 and '489 Patents. Indeed, the definition of a CIP requires "repeating some substantial portion or all of the earlier nonprovisional application **and adding matter not disclosed** in the earlier nonprovisional application." MPEP § 201.08 (emphasis added).

Fixating on the "subject matter" portion, Plaintiff contends that all of Hatle's later patents and patent applications share sufficient subject matter to warrant designating them as continuations-in-part, and thus necessary for assignment. The claim chart above dispels this belief. Nevertheless, Plaintiff's argument also ignores the rest of the requirements to be a CIP. A continuation-in-part application is not merely an application that shares some older subject matter while introducing some new, otherwise every patent application ever filed would be a continuation-in-part because every patent application builds from and includes previously known and described subject matter.

According to Patent Law, a CIP must be a nonprovisional application that claims priority to another earlier filed, copending nonprovisional patent application. *See* 37 C.F.R. § 1.78(d)

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                   *Page 5 of 8*
*U.S. District Court, So. Dist. of TX-Houston Division*

("An applicant in a **nonprovisional** application … may claim the benefit of one or more prior-filed **copending** nonprovisional applications…") (emphasis added); *see also* 35 U.S.C. § 120 and MPEP 201.08. The later filed Hatle patent applications that resulted in the '310 Patent and the '489 Patent did not and could not meet those requirements. In short, the applications that eventually resulted in the '310 Patent and '489 Patent were first filed as provisionals (not eligible for a CIP), and the later, non-provisional filings of these patent families did not have copendency with the '028 Application (also not eligible for a CIP). A breakdown of each follows:

### i. U.S. Patent No. 10,030,310

The '028 Application (*i.e.* the one application mentioned in the Assignment Agreement) would eventually issue as U.S. Patent No. 9,193,943 (the "'943 Patent") on November 24, 2015, meaning the pendency of the '028 Application ended on Nov. 24, 2015. *See* Ex. 1. Hatle's first nonprovisional application was filed on February 1, 2016. *See* Ex. 2. This is the application that eventually issued as U.S. Patent No. 10,030,310. The nonprovisional filing date of Feb. 1, 2016 is more than two months after Nov. 24, 2015; therefore, this application had no copendency with the '028 Application and could not qualify as a CIP.

### ii. U.S. Patent No. 11,028,489

Hatle's second nonprovisional application was filed on March 27, 2020. This application eventually issued as U.S. Patent No. 11,028,489. *See* Ex. 3. The nonprovisional filing date of March 27, 2020 is several years after Nov. 24, 2015; therefore, this application had no copendency with the '028 Application and could not qualify as a CIP.

### iii. U.S. Publication 2021-0189571 A1

Hatle recently filed a third nonprovisional application (serial no. No. 17/195,361) on March 8, 2021. This is a continuation application of the '489 Patent. It has the exact same specification as the '489 Patent and has published as US Publication 2021-0189571 A1, and is publicly available at www.uspto.gov. *See* Ex. 4. This third nonprovisional application also had no copendency with the '028 Application and could not qualify as a CIP.

In short, none of Hatle's subsequent patent applications ever had copendency with the '028 Application, and therefore, could not have ever been filed as a CIP. Likewise, none of these subsequently filed applications are "reissues, divisions, continuations and extensions of the Patents" based on the '028 Application.

Therefore, there is no issue of fact, much less of a material fact, that any of Hatle's subsequent patent applications could have been or should have been filed as CIPs or otherwise fall within the scope of the Assignment Agreement. Accordingly, dismissal of Count VI as it relates to Hatle's '310 and '489 Patents is proper on summary judgment.

**IV. Plaintiff lacks standing to assert rights under the Assignment Agreement**

Notwithstanding any of the foregoing, Plaintiff has no standing to bring Count VI. It was recently discovered that on April 13, 2021, Plaintiff assigned its rights to the '028 Application and '108 Application (and subsequent patents) to Corrosion Innovations, LLC. *See* Ex. 5. Corrosion Innovations, LLC is not a party of this lawsuit and Plaintiff's counsel has made unequivocally clear, on many occasions, that while Plaintiff is a member of Corrosion Innovations, LLC, any information pertaining to Corrosion Innovations, LLC is irrelevant to any issues in this case. *See, e.g.* Ex. 6 at pgs. 15-16. As such, Plaintiff no longer has any standing to enforce the Assignment Agreement (D.E. 1-4) against Hatle. Therefore, dismissal of Count VI for lack of standing is proper and respectfully requested.

**V. CONCLUSION**

Hatle's later patent filings are not subject to the Assignment Agreement. The claims of Hatle's later patent filings are not disclosed or otherwise covered in the '028 Application, and Hatle's later patent filings did not qualify to be CIPs of the '028 Application. Therefore, Hatle had no obligation to assign these later patent filings pursuant to the Assignment Agreement and the sole obligation to assign the '028 Application was performed to complete satisfaction many years ago. Notwithstanding, Plaintiff has since conveyed all its rights to the Assignment Agreement to yet another third party, Corrosion Innovations, which is not a party to this lawsuit. There are no issues of fact at all to be resolved by a jury. Summary judgment dismissing Count VI is proper and should be granted in favor of Hatle at this time.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201*                                                                                                     Page 7 of 8
*U.S. District Court, So. Dist. of TX-Houston Division*

| | |
|---|---|
| DATED: July 23, 2021 | Respectfully submitted,<br><br>By: /s/ Robb Edmonds<br>Robb D. Edmonds (Attorney-in-Charge)<br>Texas Bar No. 24029530<br>S.D.TX Admission No. 675600<br>Email: redmonds@edmondsiplaw.com<br>Michael Faries<br>Texas Bar No. 24116340<br>S.D.TX Admission No. 3597998<br>Email: mfaries@edmondsiplaw.com<br>EDMONDS & CMAIDALKA, P.C.<br>16850 Diana Lane, Suite 102<br>Houston, Texas 77058<br>Telephone: 281-480-2700 ext. 101<br>Facsimile: 281-201-0590<br><br>***Attorneys for Defendants***<br>***Loren Hatle, Santiago Hernandez, Timothy***<br>***Mulville, Bear Metal Technologies, LLC***<br>***and Corrosion Exchange, LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* *Page 8 of 8*
*U.S. District Court, So. Dist. of TX-Houston Division*