# EXHIBIT 5

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2  
EPAS ID: PAT6664705

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC | 04/13/2021 |

### RECEIVING PARTY DATA

| Name: | CORROSION INNOVATIONS LLC |
|---|---|
| Street Address: | 4020 STRAWBERRY ROAD |
| City: | PASADENA |
| State/Country: | TEXAS |
| Postal Code: | 77504 |

### PROPERTY NUMBERS Total: 2

| Property Type | Number |
|---|---|
| Patent Number: | 9193943 |
| Patent Number: | 9782804 |

### CORRESPONDENCE DATA

Fax Number: (317)592-4226

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

Phone: 3172365882  
Email: ipdocket@icemiller.com, erica.clark@icemiller.com  
Correspondent Name: ICE MILLER LLP/HOLIDAY W. BANTA  
Address Line 1: ONE AMERICAN SQUARE SUITE 2900  
Address Line 4: INDIANAPOLIS, INDIANA 46282

| ATTORNEY DOCKET NUMBER: | 066023.11000/11001 |
|---|---|
| NAME OF SUBMITTER: | HOLIDAY W. BANTA |
| SIGNATURE: | /Holiday W. Banta/ |
| DATE SIGNED: | 04/20/2021 |

**Total Attachments: 5**
source=Corrosion Prevention Technologies to Corrosion Innovations Executed Assignment#page1.tif
source=Corrosion Prevention Technologies to Corrosion Innovations Executed Assignment#page2.tif
source=Corrosion Prevention Technologies to Corrosion Innovations Executed Assignment#page3.tif
source=Corrosion Prevention Technologies to Corrosion Innovations Executed Assignment#page4.tif
source=Corrosion Prevention Technologies to Corrosion Innovations Executed Assignment#page5.tif

# ASSIGNMENT

## 1. DEFINITIONS

1.1 ASSIGNOR means the party identified in the assignor signature section at the bottom of this assignment.

1.2 ASSIGNEE means Corrosion Innovations LLC a Texas limited liability company, having a principal place of business at 4020 Strawberry Road, Pasadena, Texas 77504, as well as its successors and/or assigns.

1.3 PATENT APPLICATION means the applications made the subject of the International Patent Cooperation Treaty (PCT) and/or United States Patent Application Numbers set forth on Exhibit A attached hereto and made a part hereof.

1.4 INVENTION means concepts, ideas, discoveries, solutions to problems, improvements, processes, machines, designs, articles of manufacture, and/or anything else which is disclosed, claimed, illustrated, and/or otherwise described in the PATENT APPLICATION and/or any invention disclosure material associated with the PATENT APPLICATION.

1.5 RELATED PATENT CASES includes, and is not limited to, any and all patent applications, patents, and/or patent proceedings:

    a. disclosing, illustrating, claiming, and/or otherwise describing the INVENTION, such as (but not limited to) statutory invention registrations, petty, provisional, non-provisional, utility, plant, design, and/or international applications;

    b. claiming directly or indirectly priority to and/or from the PATENT APPLICATION, under domestic laws, the Paris Convention, PCT, and/or otherwise, such as (but not limited to) divisional, continuation, continuation-in-part, substitute, international, national phase, and/or regional phase applications; and/or

    c. subject to, part of, resulting from, and/or otherwise associated with any and all pre-grant, post grant, and/or other patent related proceedings either directly or indirectly related to the INVENTION and/or the PATENT APPLICATION, such as (but not limited to) opposition, protest, reissue, extensions, reexamination, interference, inter partes review and/or cancellation proceedings.

1.6 RELATED INTELLECTUAL PROPERTY includes, but is not limited to, copyrights, trademarks, service marks, trade dress, good will, trade secrets, mask works, domain names, trade names, and know-how developed and/or related to the INVENTION, PATENT APPLICATION, and/or RELATED PATENT CASES.

1.7 TRANSFERRED RIGHTS includes, but is not limited to, any and all rights, title, and/or interests assigned or otherwise transferred in this assignment.

1.8 GEOGRAPHIC SCOPE means worldwide including, but not limited to, member nations of the PCT and non-member nations of the PCT as well as their territories.

1.9 EFFECTIVE DATE means the earlier of the conception date of the INVENTION, the filing date of the PATENT APPLICATION, the filing date of the RELATED PATENT CASES, and/or the date this assignment is first signed by at least one of the parties hereto.

## 2. ASSIGNMENT OF RIGHTS

2.1 *Consideration.* The ASSIGNOR hereby acknowledges receipt of good, valuable, and sufficient consideration from the ASSIGNEE for this assignment.

1

2.2 Intellectual Property. The ASSIGNOR hereby assigns to the ASSIGNEE all rights, title, and interest in and/or to the INVENTION, PATENT APPLICATION, RELATED PATENT CASES, and RELATED INTELLECTUAL PROPERTY.

2.3 Future Improvements. The ASSIGNOR hereby assigns, and agrees this assignment hereby automatically assigns in the future, to the ASSIGNEE all right, title, and interest in future improvements in and/or to the INVENTION, PATENT APPLICATION, RELATED PATENT CASES, and RELATED INTELLECTUAL PROPERTY.

2.4 Right to Claim Priority. The ASSIGNOR hereby assigns to the ASSIGNEE all right, title, and interest to claim priority to and/or from the PATENT APPLICATION, the RELATED INTELLECTUAL PROPERTY, and the RELATED PATENT CASES.

2.5 Infringement and Misappropriation. The ASSIGNOR hereby assigns to the ASSIGNEE all past, present, and future causes of action for infringement and/or misappropriation of the INVENTION, PATENT APPLICATION, RELATED PATENT CASES and/or RELATED INTELLECTUAL PROPERTY, whether the infringement and/or misappropriation is committed and/or the cause of action comes into existence before, during, or after the EFFECTIVE DATE.

2.6 Remedies. The ASSIGNOR hereby assigns to the ASSIGNEE all past, present, and future remedies for infringement and/or misappropriation of the INVENTION, PATENT APPLICATION, RELATED PATENT CASES and/or RELATED INTELLECTUAL PROPERTY, whether the infringement and/or misappropriation is committed and/or the cause of action comes into existence before, during, or after the EFFECTIVE DATE, including and not limited to damages, royalties, profits, exceptional case awards, attorneys' fees, and costs.

2.7 Scope. All assignments and/or other transfers of rights and/or title, both legal and equitable, made herein are to the full extent of the GEOGRAPHIC SCOPE such that no right, title, and interest remain with the ASSIGNOR.

3. FUTURE PERFORMANCE

3.1 Communicate Information. The ASSIGNOR hereby agrees to and will communicate all facts and/or information known to the ASSIGNOR with respect to the TRANSFERRED RIGHTS to the ASSIGNEE and/or its legal representatives.

3.2 Sign Documents. The ASSIGNOR hereby agrees to and will sign and return any and all documents that ASSIGNEE desires to be signed that are directly or indirectly related to the TRANSFERRED RIGHTS. These documents can include, but are not limited to, assignments, oaths, declarations, affidavits, and powers of attorney.

3.3 Legal Proceedings. The ASSIGNOR hereby agrees to and will truthfully testify and/or participate in any legal and/or quasi-legal proceedings regarding any facts and/or information known to the ASSIGNOR related to the TRANSFERRED RIGHTS at the request of the ASSIGNEE and/or its legal representatives.

3.4 Generally Protect Assignee's Rights. The ASSIGNOR hereby agrees to and will do everything reasonable to help in securing, maintaining, and/or enforcing rights to the TRANSFERRED RIGHTS for the ASSIGNEE.

3.5 No Additional Consideration Required. The ASSIGNOR agrees to and will perform the acts mentioned herein without the requirement of any additional consideration.

PATENT
REEL: 055967 FRAME: 0940

## 4. PRIVILEGE

4.1 <u>Assignment of Privilege.</u> The ASSIGNOR hereby assigns to the ASSIGNEE all past, present, and future rights and privileges related to any attorney-client privilege, common interest privilege, and/or work product privilege of the ASSIGNOR in relation to the TRANSFERRED RIGHTS.

4.2 <u>Prevent Waiver of Privilege.</u> The ASSIGNOR hereby agrees to not engage in any acts resulting in the intentional or unintentional waiver of the attorney client privilege, work product privilege, and/or common interest privilege without the express written authorization from the ASSIGNEE and/or its legal representatives.

4.3 <u>Partial Waiver of Privilege.</u> The ASSIGNOR hereby agrees that any partial waiver of the attorney-client privilege, common interest privilege, and/or work product privilege of the ASSIGNOR does not constitute total waiver.

## 5. COVENANTS AND WARRANTIES

5.1 <u>Authority to Convey.</u> The ASSIGNOR hereby covenants and warrants that the ASSIGNOR has the full right and authority to convey the TRANSFERRED RIGHTS assigned by this assignment.

5.2 <u>No Conflicts.</u> The ASSIGNOR hereby covenants and warrants that the ASSIGNOR has not executed and will not execute any documents and/or perform any acts conflicting with this assignment.

## 6. MISCELLANEOUS

6.1 <u>Insert Application Number and Filing Date.</u> If blank in part 1.3 of this assignment, the ASSIGNOR and ASSIGNEE hereby authorize and request the firm of Ice Miller LLP, its successor in interest, or designee, to insert the application number and/or filing date in part 1.3 of this assignment once known.

6.2 <u>Issue Patent to Assignee.</u> The ASSIGNOR hereby authorizes and requests that any and all patents based on the PATENT APPLICATION and/or RELATED PATENT CASES issue to the ASSIGNEE, its successors in interest, its assigns, and/or its legal representatives.

6.3 <u>Severability.</u> If any provision of this assignment is ruled invalid and/or unenforceable by a court or other tribunal, such decision shall not affect the validity and/or enforceability of the remaining provisions of this assignment.

6.4 <u>Choice of Law.</u> This assignment shall be interpreted and controlled by the laws of the United States, and in particular in accordance with the laws of the State of Indiana, without reference to the conflict of law principles thereof. It is further understood that ASSIGNOR consents to the courts of Indiana in connection with any dispute arising under the assignment.

6.5 <u>Effective Date.</u> This assignment is hereby made effective as of the EFFECTIVE DATE.

[signature page follows]

3

**PATENT**
REEL: 055967 FRAME: 0941

**ASSIGNOR:**

CORROSION PREVENTION TECHNOLOGIES
LLC, a Texas Limited Liability Company

By: _____
Marlin Lester
Vice President and Chief Operating Officer

Dated this 13 day of April, 2021.

STATE OF Arkansas )
                  ) ss:
COUNTY OF Cleburne )

On this 13 day of April, 2021, there appeared before me Marlin Lester, personally known to me or who proved to me his identification, who stated that he is Vice President and Chief Operating Officer of Corrosion Prevention Technologies LLC, a Texas limited liability company, who acknowledged that he signed the foregoing instrument as his voluntary act and deed, for and on behalf of the limited liability company.

_____
Notary Public

Printed Name: Tanya Reedy
Commission Expiration: 6-16-2030
County of Residence: Cleburne

[Notary Seal: TANYA REEDY, MY COMMISSION # 12377154, EXPIRES: June 18, 2030, Cleburne County]

**ASSIGNEE:**

Assignee hereby accepts the sale, transfer, and assignment of the TRANSFERRED RIGHTS.

CORROSION INNOVATIONS LLC, a Texas
Limited Liability Company

By: _____
Marlin Lester
President and Chief Executive Officer

Dated this 13 day of April, 2021

4

Exhibit A

## PATENTS

| Application No. Filing Date | Patent No. Grant Date | Title | Country |
|---|---|---|---|
| 13/750,445 01/25/2013 | 9,193,943 B2 11/24/2015 | TREATMENT KIT FOR CLEANING SUBSTRATE SURFACES FOR REMOVAL OF WATER AND NON-WATER SOLUBLE OXIDES AND IONIC COMPOUNDS | United States |
| 14/057,817 10/18/2013 | 9,782,804 B1 10/10/2017 | METHOD FOR PASSIVATING SUBSTRATE SURFACES | United States |

4826-9489-8146.1
RECORDED: 04/20/2021