IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORROSION PREVENTION TECHNOLOGIES LLC<br> Plaintiff, | )<br>)<br>)<br>) | |
| vs. | ) | Civil Action 4:20-cv-02201 |
| | ) | |
| LOREN HATLE, SANTIAGO HERNANDEZ, TIMOTHY MULVILLE, BEAR METAL TECHNOLOGIES, LLC, and CORROSION EXCHANGE, LLC,<br> Defendants. | )<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-SUR-REPLY TO PLAINTIFF'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO HATLE'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I-V AND VII**

Defendants Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC, and Corrosion Exchange, LLC, by and through his undersigned counsel, reply to Plaintiff's Sur-Reply in support of its Opposition to Hatle's Motion for Summary Judgment on Counts I-V and VII (the "Sur-Reply"; D.E. 64).

### I. The introduction of unrelated lawsuit information is improper

Defendant Hatle is presently defending against claims by a former business partner in the state of Louisiana (the "Louisiana lawsuit"). However, Defendant Hatle's counsel in the Louisiana lawsuit is not the same counsel as this present case in Federal District Court. Ms. Tamara D. Stiner Toomer ("Ms. Toomer") is Defendant Hatle's counsel in the Louisiana lawsuit, and Ms. Toomer is not affiliated nor related to either Mr. Robb D. Edmonds or Mr. Michael A. Faries or their law firm. Mr. Edmonds and Mr. Faries are not privy to every document or change of status in the Louisiana lawsuit. Neither Mr. Edmonds nor Mr. Faries had access to or knowledge of the deposition of Mr. Randy LeBoeuf conducted on August 18, 2021, nor did Mr. Edmonds or Mr. Faries have an opportunity to cross-examine the witness during that deposition. Plaintiff's Sur-Reply (D.E. 64), over two weeks after the deposition is the first Mr. Edmonds and Mr. Faries were made aware of this deposition. Notwithstanding, Plaintiff' failed to provide the entirety of the

deposition transcript and suspiciously provided the Court with only select excerpts, stripped of any surrounding context. As of filing this sur-sur-reply, Plaintiff still has not produced the entirety of this deposition transcript to the Defendants. It is entirely inappropriate to ambush a party with allegations drawn from evidence not shared with opposing counsel, and more notably when that evidence is not presented in its entirety.

## II. The Plaintiff's contradiction theory is without merit

Plaintiff argues in its Sur-Reply that Defendant Hatle is taking contradictory positions in each of his lawsuits, which should bar summary judgment. However, Plaintiff fails to show a contradiction of position, let alone a question of material fact for a jury in this lawsuit.

As Plaintiff notes, Defendants have represented that "there is no genuine issue of material fact that **Plaintiff was aware or should have been aware** of any misappropriation of an alleged trade secret by Defendant Hatle" and that "[i]t is indisputable that **Plaintiff** had [] actual knowledge of an alleged injury relating to its confidential and trade secret information…." D.E. 64 at 2, quoting D.E. 60 at 6, 8 (emphasis added). Specifically, Defendants have maintained the position that summary judgment is valid, in Defendants' favor, based on ***Plaintiff's*** knowledge five (5) years prior to this litigation. Plaintiff mistakenly confuses ***Plaintiff's*** knowledge with ***Mr. LeBoeuf's*** knowledge, who is not the Plaintiff in this lawsuit. In Ms. Toomer's questions, Mr. LeBoeuf was asked whether or not he had knowledge of specific wrongdoing by Defendant Hatle, based on the letters from Plaintiff's then attorney Mr. Brandon K. Black. More specifically, Ms. Toomer asks: "did you see any <u>specific allegations</u> that Mr. Black actually made [in the letter] against Mr. Hatle – that he was in violation of the confidentiality agreement?" Ms. Toomer's questions were directed to what kind of knowledge ***Mr. LeBoeuf*** had at the time of receiving the letter and whether "specific allegations" were contained within those letters. D.E. 64 at 3. In contrast, Defendants' "position" in the present litigation is focused on ***Plaintiff's*** knowledge prior to sending even its first letter over five (5) years prior to filing its lawsuit. In total, Plaintiff sent three letters, not just one or two, but three letters, each blanketly accusing Mr. Hatle of wrongdoing, as outlined in Defendants' motion (D.E. 38). There is no contradiction of positions– ***Mr. LeBoeuf's*** personal knowledge has nothing to do with Plaintiff's knowledge over five (5) years ago. More importantly, there is no doubt that ***Plaintiff*** had actual knowledge of an alleged injury over five (5) years prior to filing its lawsuit.

*Corrosion Prevention Technologies LLC vs. Loren Hatle, et al.*
*Civil Action No. H-4:20-cv-02201* *Page 2 of 3*
*U.S. District Court, So. Dist. of TX-Houston Division*

## III. Conclusion

Plaintiff's "contradiction theory" is nothing more than a desperate, contrived attempt to create a fact issue out of whole cloth to survive summary judgment. To withstand summary judgment, there must be a genuine dispute of material fact. *Mr. LeBoeuf's* knowledge, or lack thereof, is not material to *Plaintiff's* knowledge. What *Mr. LeBoeuf* knew or believed does not reflect upon what *Plaintiff* knew or believed. *Plaintiff's* three "threat" letters speak for themselves and each indisputably shows that *Plaintiff* knew of an alleged injury over five (5) years prior to filing its lawsuit. Summary judgment dismissing Counts I-V and VII remains proper and should be granted in favor of Defendants at this time.

DATED: September 9, 2021

Respectfully submitted,

By: /s/ Robb Edmonds
Robb D. Edmonds (Attorney-in-Charge)
Texas Bar No. 24029530
S.D.TX Admission No. 675600
Email: redmonds@edmondsiplaw.com
Michael A. Faries
Texas Bar No. 24116340
S.D.TX Admission No. 3597998
Email: mfaries@edmondsiplaw.com
EDMONDS & CMAIDALKA, P.C.
16850 Diana Lane, Suite 102
Houston, Texas 77058
Telephone: 281-480-2700 ext. 101
Facsimile: 281-201-0590

*Attorneys for Defendants*
*Loren Hatle, Santiago Hernandez, Timothy Mulville, Bear Metal Technologies, LLC and Corrosion Exchange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system. Any other counsel of record will be served by U.S. mail.

/s/ Robb Edmonds
Robb Edmonds